John W. BRADEN, and Margaret A. Braden, Plaintiffs-Appellants,

v.

SAINT FRANCIS HOSPITAL, Defendant-Appellee.

No. 84CA1088.

Colorado Court of Appeals, Div. I.

Oct. 31, 1985.

Rehearing Denied Dec. 5, 1985.

Certiorari Denied (Braden) Feb. 24, 1986.

Frascona, McClow & Joiner, Nancy Alden Bragg, Lee D. Weinstein, Boulder, for plaintiffs-appellants.

Spurgeon, Haney & Howbert, P.C., Gregory R. Piche, Colorado Springs, for defendant-appellee.

PIERCE, Judge.

Plaintiffs, John W. and Margaret A. Braden (Bradens), appeal from a judgment granted in favor of St. Francis Hospital (hospital). We affirm.

The Bradens filed their complaint alleging negligence by the hospital. After the hospital's failure to answer, a default judgment against the hospital was entered. Subsequently, under C.R.C.P. 60(b), the trial court found that the failure of the hospital to answer timely the Bradens' complaint was the result of mistake, inadvertence, or excusable neglect, and it therefore set aside the default judgment. In addition to filing an answer, the hospital also moved for summary judgment which was granted following a hearing.

### I.

The Bradens first argue that the hospital did not meet its burden in proving excusable neglect is without merit. A motion to vacate and set aside a default judgment is addressed to the sound discretion of the trial court, whose decision will not be disturbed absent an abuse of that discretion. *Craig v. Rider*, 651 P.2d 397 (Colo. 1982); *Credit Investment & Loan Co. v. Guaranty Bank & Trust Co.*, 166 Colo. 471, 444 P.2d 633 (1968). The situation here is much different from that in *Farmers Insurance Group v. District Court*, 181 Colo. 85, 507 P.2d 865 (1973), where the attorneys simply "overlooked" a matter. Here, defense counsel's affidavit describes circumstances of understandable confusion and inadvertence. Accordingly, the trial court did not abuse its discretion in setting aside the default judgment which had been entered against the hospital.

The Bradens contend that the trial court's grant of a summary judgment in favor of the hospital is not justified. We disagree.

In their complaint, the Bradens alleged that an unnecessary and wrongful mid-thigh amputation of both of John Bradens' legs was performed by a staff surgeon, Dr. Graul, in January 1982. Specifically, the Bradens alleged in count one that the hospital had a duty to exercise proper supervision to prevent unnecessary and wrongful surgery, and that it breached this duty. In count two, they alleged that the hospital had control over, and in fact had undertaken a duty to control and supervise phy-

sicians such as Dr. Graul, and that the hospital breached this duty.

In support of these allegations and in response to the hospital's motion for summary judgment, the Bradens supplied the trial court with statistics showing that Dr. Graul had performed significantly more amputations than the average number of amputations performed by other surgeons on the hospital staff. The Bradens also presented certain letters and reports, implying inappropriate treatments by Dr. Graul, but which related to other operations or procedures performed by him. Finally, the Bradens provided the trial court with a copy of the hospital's by-laws.

In support of its motion for summary judgment, the hospital submitted an affidavit by its president and chief executive officer stating that he has no knowledge, information, or belief which would indicate or imply that Dr. Graul has been the subject of any hospital inquiry or investigation into alleged substandard treatment, or that Dr. Graul lacks the skill or judgment of a competent surgeon and physician.

The Bradens concede that the general principle governing hospital negligence is that stated in *Western Insurance Co. v. Brochner*, 682 P.2d 1213 (Colo.App.1983): "In extending staff privileges to a doctor, a hospital does not generally expose itself to liability for the doctor's negligence unless it knows or should know of a propensity on the doctor's part to commit negligent acts." Hence, the material issues of fact here, if any, center on the question whether the hospital knew or should have known of Dr. Graul's alleged misconduct.

Based on the affidavit of its president and chief executive officer, the hospital made a convincing showing that genuine issues of fact were lacking. *See* C.R.C.P. 56(c); *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978). Thereupon, C.R.C.P. 56(e) required that the Bradens adequately demonstrate by relevant and specific facts that a real controversy exists. *Hadley v. Moffat County School District RE–1*, 641 P.2d 284 (Colo.App.1981). We conclude they have failed to meet their burden of demonstrating that a real controversy exists.

The Bradens' statistics do not, in themselves, indicate a proclivity on the part of Dr. Graul to perform unnecessary amputations, because multiple surgeries do not support a reasonable inference that any one procedure, including the procedure in this case, was unnecessary or negligently performed. These statistics do not support the Bradens' contention that the hospital knew or should have known of any alleged misconduct.

Similarly, although the hospital's by-laws show a rather elaborate administrative structure of supervision and monitoring to ensure quality health care, they do not support the Bradens' contention that the hospital knew or should have known of any mistreatments. Likewise unsupportive are the remainder of materials submitted by the Bradens since none of those materials provide any information of or support for the allegations of specific harm contained in the Bradens' complaint.

■ Finally, we find inapplicable Bradens' argument of constructive knowledge or of direct chain of command leading to negligence of the hospital. A hospital has certain inherent responsibilities regarding the quality of medical care furnished to its patients, and to meet this standard of responsibility, the hospital has a duty to supervise the competence of its staff. *Fridena v. Evans*, 127 Ariz. 516, 622 P.2d 463 (1981). However, there is no evidence presented by the Bradens here indicating any negligent supervision.

Under these circumstances, the summary judgment was properly granted. C.R.C.P. 56; *Hadley, supra.*

The judgment is affirmed.

KELLY and BABCOCK, JJ., concur.