**Roberta KRANE, Plaintiff-Appellant,**

**v.**

**SAINT ANTHONY HOSPITAL SYS-
TEMS, a non-profit Colorado
corporation, Defendant-Appellee.**

**No. 85CA0865.**

Colorado Court of Appeals,
Div. I.

April 30, 1987.

Kofoed & Larson, P.C., David L. Kofoed, Denver, for plaintiff-appellant.

Boulter & Jamison, Jamey W. Jamison, Stuart L. Boulter, Denver, for defendant-appellee.

ENOCH, Chief Judge.

Plaintiff, Roberta Krane, appeals a summary judgment entered in favor of defendant, St. Anthony Hospital Systems (Hospital), on her claim for the wrongful death of her husband which occurred during an elective surgery performed at the Hospital. We affirm.

This action was filed on March 11, 1983, against the Hospital and two of the physicians involved in the surgery—the chief operating surgeon and the anesthesiologist. The Hospital is the only remaining defendant in this action.

The parties took depositions of the chief operating surgeon, the anesthesiologist, the assistant surgeon, the surgical nurse, the scrub nurse, and the circulating nurse, all of whom were present for Mr. Krane's surgery. Subsequently, the Hospital filed a motion for summary judgment with accompanying brief, supported by the above mentioned depositions, various medical records and reports pertaining to Mr. Krane's surgery, and the affidavits of two nurses.

In opposition to the motion, plaintiff filed an answer brief supported by various medical reports and the affidavit of Dr. Bogetz, an anesthesia expert. The Hospital's reply brief contained an affidavit of the Chief of the Department of Anesthesia at the Hospital, which disputed the conclusions of plaintiff's expert regarding the availability of mechanical ventilation equipment in the Hospital at the time of Mr. Krane's surgery. Plaintiff also filed a supplemental response accompanied by an affidavit of Mrs. Krane relating to the information given to Mr. Krane prior to surgery, and to his state of mind at that time.

On this state of the record, the trial court granted the summary judgment from which plaintiff appeals.

I.

Plaintiff's first contention is that the trial court erred in granting summary judgment because an issue of material fact existed as to an alleged negligent act of the surgical nurse. We disagree.

Even if we assume that the nurse was an employee of the Hospital, that she was negligent, and that such negligence caused the death of plaintiff's husband, the so-called "Captain of the Ship" doctrine, as set out in *Kitto v. Gilbert*, 39 Colo.App. 374, 570 P.2d 544 (1977), still precludes recovery against the Hospital. In *Kitto, supra*, this court held that both the operating surgeon and the hospital where the surgery is performed cannot be liable under *respondeat superior* for the same act or acts of negligence of a hospital employee assisting in an operation. Once the operating surgeon assumes control in the operating room, the surgeon is liable for the negligence of all persons working under the surgeon's supervision. *Beadles v. Metayka*, 135 Colo. 366, 311 P.2d 711 (1957); *see also Kitto, supra.*

The factual question to be determined then is whether, at the time of the alleged negligent act, the operating surgeon had assumed such control. If so, the surgeon's responsibility supersedes that of the Hospital. *Kitto, supra.* Here, from the affidavits, depositions, and records before the court, it is uncontradicted that the alleged negligent act of the surgical nurse took place over two-and-one-half hours into the

surgery, so there can be no factual dispute that the operating surgeon had assumed control. Thus, under *Kitto* and *Beadles*, the Hospital could not be liable for the negligent acts of the surgical nurse. The Hospital was therefore entitled to summary judgment on this issue as a matter of law. *See Abrahamsen v. Mountain States Telephone & Telegraph Co.*, 177 Colo. 422, 494 P.2d 1287 (1972).

## II.

Plaintiff next contends that the trial court erred in granting summary judgment because an issue of material fact existed concerning the failure of the Hospital to provide and have available adequate mechanical ventilation equipment for use during surgery. We disagree with this contention.

A party is entitled to a summary judgment if there are pleadings, affidavits, depositions, or admissions on file showing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Abrahamsen v. Mountain States Telephone & Telegraph Co., supra.* In the context of a summary judgment proceeding, an issue of material fact is one, the resolution of which will affect the outcome of the case. *Mt. Emmons Mining Co. v. Crested Butte*, 690 P.2d 231 (Colo.1984).

■ Here, there is disagreement as to whether the Hospital had mechanical ventilation equipment available to ventilate Mr. Krane adequately during his surgery. However, it is uncontradicted that the anesthesiologist used his own ventilation equipment, which, as he testified in his deposition of April 30, 1985, was the usual procedure. Thus, even if we were to rule that the Hospital did not provide adequate ventilation equipment, it would not affect the outcome of the case because that disputed fact was not material in determining the liability of the Hospital. Therefore, there was no dispute of material fact, and summary judgment was appropriate. *Abrahamsen v. Mountain States Telephone & Telegraph Co., supra.*

## III.

Plaintiff's final contention is that the court erred in granting summary judgment because an issue of fact existed as to the sufficiency of the Hospital's advisement. Plaintiff argues that the Hospital failed to advise her husband sufficiently of the risks of his surgery. Although plaintiff admits that the law requires the surgeon to obtain the informed consent of a patient prior to an operation, she argues that the hospital also is required to obtain an informed consent and further argues alternatively that when a hospital undertakes to obtain a similar informed consent, it has an obligation to do so properly. We do not agree.

Though it is a well settled rule that a surgeon is required to obtain the informed consent of a patient about to undergo surgery, *Martin v. Bralliar*, 36 Colo.App. 254, 540 P.2d 1118 (1975); *see also Mallett v. Pirkey*, 171 Colo. 271, 466 P.2d 466 (1970), the question of a hospital's duty to obtain a similar consent of a patient prior to surgery is one of first impression in Colorado.

■ The reason for imposing this duty on the physician is to protect a patient's right to be informed of the risks of surgery prior to giving his consent. *See Niblack v. U.S.*, 438 F.Supp. 383 (D.Colo.1977); *In re Swine Flu Immunization Products Liability Litigation*, 533 F.Supp. 567 (D.Colo. 1980). It is the surgeon, and not the hospital, who has the technical knowledge and training necessary to advise each patient of the risks of the surgery prior to the patient giving his consent. Further, the hospital does not know the patient's medical history, nor the details of the particular surgery to be performed. Thus, we hold that a hospital does not generally have a duty to advise the patient prior to surgery as to the surgical procedure to be employed and the risks involved and, therefore, has no duty to obtain an informed consent similar to that which the surgeon is obligated to obtain. *See Fiorentino v. Wenger*, 19 N.Y.2d 407, 227 N.E.2d 296, 280 N.Y.S.2d 373 (1967); *Cooper v. Curry*, 92 N.M. 417, 589 P.2d 201 (1978); *Alexander v. Gonser*, 42 Wash.App. 234, 711 P.2d 347 (1985).

Although the consent form signed by the patient here included the printed name and address of the Hospital, this does not support the plaintiff's argument that the Hospital assumed responsibility for the information given to the patient prior to the execution of the form. The name of the surgeon was also printed at the top of the form, and the patient specifically authorized the named surgeon to perform the surgery. The form stated that: "The nature and purpose of the operation, possible alternative methods of treatment, and the possibility of complications have been explained to me by Dr. _____." The surgeon's name was handwritten in the blank.

■ Nor does the record support plaintiff's contention that the Hospital undertook, on its own behalf, to obtain a consent form similar to that obtained by the surgeon. There is only one consent form in the record and it appears to be the form that was obtained on behalf of the surgeon. However, even if a hospital does undertake to obtain a patient's informed consent to surgery, that fact does not, itself, create any liability on its part concerning the surgical procedures and risks involved. *See Lincoln v. Gupta,* 142 Mich.App. 615, 370 N.W.2d 312 (1985).

■ A hospital, of course, may be held liable for its own acts of negligence. *See Camacho v. Mennonite Board of Missions,* 703 P.2d 598 (Colo.App.1985); *Braden v. Saint Francis Hospital,* 714 P.2d 505 (Colo.App.1985); *Western Insurance Co. v. Brochner,* 682 P.2d 1213 (Colo.App. 1983), *rev'd on other grounds,* 724 P.2d 1293 (Colo.1986). In addition, a hospital has certain inherent standards to maintain regarding the quality of medical care furnished to its patients, and to meet these standards of responsibility, the hospital has a duty to supervise the competence of its staff. *Braden v. Saint Francis Hospital, supra.* But, unless a hospital knows or should know of a doctor's propensity to commit negligent acts, such as failing to obtain a patient's informed consent prior to surgery, a hospital generally is not liable for the negligent acts of its physicians. *See Western Insurance Co. v. Brochner, supra; Braden v. Saint Francis Hospital, supra.*

■ Here, there was no allegation that the surgeon regularly failed to obtain the informed consent of his patients prior to surgery. Hence, even if the surgeon did not sufficiently advise plaintiff's husband of the risks of his surgery, the Hospital cannot, as a matter of law, be liable for such failure.

Thus, there is no material fact in dispute, and summary judgment was proper. *See Abrahamsen v. Mountain States Telephone & Telegraph Co., supra.*

Judgment affirmed.

STERNBERG and BABCOCK, JJ., concur.