A.F.P. ENTERPRISES, INC., Plaintiff-Appellant, v. CRESCENT PORK, INC., *et al.*, Defendants-Appellees.

Second District   No. 2—92—0451

Opinion filed April 8, 1993.

Peter D. Michling, Doreen T. Paluch, and Dona S. Lowrimore, all of Weisz & Michling, and William I. Caldwell, Jr., of Caldwell, Berner & Caldwell, both of Woodstock, for appellant.

Ronald G. Klein and Philip M. Rice, both of Klein, Stoddard & Buck, of Sycamore, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, A.F.P. Enterprises, Inc. (AFP), appeals the circuit court's denial of its motion to reconsider the involuntary dismissal of its complaint (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9)) for forcible entry and detainer, foreclosure, breach of contract and foreclosure of a pledge agreement against defendants, Crescent Pork, Inc., Donald R. Huftalin, Saundra J. Huftalin, and Berton C. Huftalin. Plaintiff alleged that defendants defaulted on an installment contract for a warranty deed and loans made in connection with the agreement. In the March 24, 1988, agreement, defendants had agreed to purchase a certain hog farming operation including realty and improvements located in McHenry County, Illinois. The initial sale price stated in the agreement was $600,000. The seller also agreed to loan the purchaser up to $650,000 for the operation. The extensive agreement was executed in conjunction with a secured promissory note, a security agreement, a collateral assignment of land contract interest, and a pledge agreement. Among the documents is a memorandum of agreement executed by A. Franklin Pilchard, president of AFP, and Donald R. Huftalin, president of Crescent Pork.

On May 1, 1991, defendants filed a motion to dismiss the cause. Defendants interposed the affirmative defense of accord and satisfaction based on their tender of a check in the amount of $192,400.48, in attempting to settle disputed amounts due as of April 1, 1991. Having granted defendants' motion on the basis of an accord and satisfaction, the court subsequently denied plaintiff's motion to reconsider, and this timely appeal followed.

On appeal, plaintiff argues that, based on the pleadings, affidavits and counteraffidavits, the trial court erred in finding that defendants proved an accord and satisfaction defeating plaintiff's cause of action. Alternatively, plaintiff argues that the court's decision was clearly against the manifest weight of the evidence.

We generally agree with plaintiff's position. We reverse and remand for further proceedings.

The record reveals that sometime prior to March 25, 1991, disputes arose between the parties regarding the amount due under the installment agreement. On March 25, 1991, defendant Crescent Pork, through its attorney, Ronald Klein, sent plaintiff's attorney, Lori Kruizenga, a letter detailing what defendant believed it owed less expenditures for unspecified repairs and labor. In the letter, defendant offered to pay the sum of $192,400.48 for the payment of principal and interest due as of April 1, 1991, as a settlement of

the amounts due. That amount included $102,000 allocated to principal and $90,400.48 allocated to interest at 8%. A check in the amount of $192,400.48 was tendered with the condition that, if plaintiff negotiated the check, it was with the understanding that the payment was in "full and final settlement" of all sums due or alleged to be due as of April 1, and that the remaining balance would be $1,028,006.09. In the letter, defendant also agreed as a part of the compromise to increase the balance due by approximately $60,000 so that the remaining balance would be $1,088,000. The letter also stated that this balance due would be allocated as $378,000 due for the farm loan and $710,000 due for the operating loan.

By letter dated April 1, 1991, plaintiff's attorney, Lori Kruizenga, returned the check. The letter stated: "Enclosed please find a check dated April 1, 1991, written by Saundra Huftalin, Secretary of Crescent Pork, Inc. Said check is unacceptable due to the wording on the back."

Defendants tendered another check in the amount of $192,400.48 dated April 1, 1991, and signed by Saundra Huftalin. On the lower left-hand corner were the notations "farm loan principal $51,000.00"; "operating loan princ 51,000.00"; and "interest $90,400.48." In one version of a copy of the check found in the record the notations appear to have been lined out. Defendants' check was accompanied by a letter dated April 3, 1991, from attorney Klein to attorney Kruizenga which stated simply: "Enclosed is a check from Crescent Pork, Inc. computed as set forth in my letter to you of March 25, 1991."

The affidavit of Saundra J. Huftalin which was appended to the motion to dismiss stated that, on April 3, 1991, she tendered a check numbered 1002 to Kruizenga and hand delivered the April 3 letter to her concurrently with the tender of the check. She further stated that the check was "tendered in full satisfaction of all claims alleged in A.F.P., Inc.'s Complaint, and was tendered pursuant to the terms of letters dated April 3, 1991, and March 25, 1991, and addressed to Attorney Lori J. Kruizenga." She also stated: "Neither A.F.P., Inc., nor its attorney have [sic] rejected said check or given any other indication that said check was not acceptable as full satisfaction of all claims A.F.P. Inc., alleged in its Complaint filed herein."

A second affidavit of Saundra Huftalin states that she is a shareholder of Crescent Pork; that she hand delivered a check to Kruizenga in Sycamore, Illinois, with a letter from attorney Klein

and that, at the time of delivery, neither Pilchard nor anyone else was present. Saundra stated at that time to Kruizenga that she was delivering the check and letter to her, and Kruizenga stated that "it was good that Crescent Corp. was making this payment as their failure to do so would look bad." In her affidavit, Saundra also stated that she did not recall that Kruizenga said that the check was insufficient or that it did not totally cover the amount due and owing to AFP. She further concluded that she tendered the check and letter to Kruizenga in full payment of all sums due by Crescent Pork to AFP as of April 1, 1991.

Plaintiff's response in opposition to the motion to dismiss argued that the second check was not accepted with the understanding that it was payment in full or with notice of a condition because the letter did not mention a condition and there was only a reference to the calculation made. Plaintiff therefore informed defendants that the check was not accepted as payment in full and cashed the check.

The affidavit of A. Franklin Pilchard in support of plaintiff's response stated that the complaint was filed because defendants were in default on their loan from AFP because on April 1, 1990, there was due and payable the sum of $161,946.36; defendants paid $124,000, leaving $37,946.36 still owing to AFP. On April 1, 1991, there was due to AFP on the loan for the period from April 1, 1990, to March 31, 1991, the sum of $229,850.96; this sum did not include the $37,946.36 over which the suit was filed. On March 26, 1991, AFP's attorney received a letter from defendants' attorney which computed the amount he felt was due on April 1. Enclosed with the letter was a check for $192,400.48 with conditions that were unacceptable to AFP, and the check was returned. On April 3, 1991, defendant Saundra J. Huftalin hand delivered a different check with a letter which stated that the check had been computed as set forth in the first letter. At the time of delivery, Saundra was informed that the check was insufficient to cover the amount due and owing and that Saundra did not request that the check be returned to her at that time. AFP negotiated the check in an attempt to mitigate its damages.

On October 8, 1991, defendants filed an answer and counterclaim in which they alleged that the sale price negotiated between the parties was based on the presumption that a hog-waste digester on the premises would be in working order and would be able to produce electricity; that AFP had agreed to bring the digester into working condition and authorized Crescent Pork to make expendi-

tures in excess of $90,000 to bring it into working order, but defendants had not been reimbursed, and, as a result, defendants were damaged in excess of $15,000, plus attorney fees and costs of suit. On October 21, 1991, plaintiff moved to dismiss defendants' answer and counterclaim and to voluntarily dismiss its suit.

The trial court took defendants' motion to dismiss under advisement. In an order entered December 24, 1991, the court stated that it had heard the arguments of counsel; the court found that when plaintiff accepted and cashed the second check, it accepted the check pursuant to the conditions of the letter of March 25, 1991, and that the acceptance and cashing of the check constituted an acceptance of the settlement agreement. The court dismissed the cause of action with prejudice.

On January 10, 1992, plaintiff filed a motion to reconsider and emphasized its position that the acceptance of the second check should not be deemed an accord and satisfaction under Illinois law where there were no conditions stated but merely a reference to computations and there was no explicit understanding by both parties that the check was tendered as payment in full. Defendants argued that an accord and satisfaction need not be explicit, but could be inferred from the parties' words and actions.

The affidavit of attorney Lori J. Kruizenga was filed on March 6, 1992. In it, she states that she had represented AFP, and, on March 25, 1991, she received the letter from defendants' attorney which stated that the (first) check was sent in full and final settlement of all sums alleged to be then due. After receiving the letter, she returned the check to defendants because AFP would not accept the check with conditional language. Crescent Pork contacted her a second time through defendant Saundra J. Huftalin, on or about April 3, 1991, and offered AFP a check and letter without the conditional language. The second letter was hand delivered by Saundra, and, at that time, Kruizenga stated that the check was insufficient to bring the account current and that it did not cover the amount due and owing. However, since there were no conditions on either the letter or the check, AFP accepted the check in an attempt to mitigate damages, but never indicated that it accepted the check as full settlement to date.

In its decision letter and order dated March 23, 1992, the trial court noted that it had reviewed the pertinent correspondence, the affidavits and memoranda of law, and the oral arguments of counsel and denied plaintiff's motion for reconsideration of its December 24, 1991, order.

■■ Though the parties have not addressed this issue, we find that we have jurisdiction to hear this appeal as the order of December 24, 1991, dismissed the entire case where the rights and liabilities that were the subject of the complaint and counterclaim were essentially the same, namely, the amounts due pursuant to the agreements made between the parties. Dismissal of the complaint amounts to a resolution of the counterclaim, and no Rule 304(a) (134 Ill. 2d R. 304(a)) finding is required for purposes of appeal. See *Lynch Imports, Ltd. v. Frey* (1990), 200 Ill. App. 3d 781, 785.

We now consider whether, based on the pleadings, affidavits and counteraffidavits, the trial court erred in finding that defendants proved an accord and satisfaction barring plaintiff's cause of action.

■■ ■ An accord and satisfaction is an agreement between the parties which settles a *bona fide* dispute over an unliquidated claim. (*Gord Industrial Plastics, Inc. v. Aubrey Manufacturing, Inc.* (1982), 103 Ill. App. 3d 380, 383.) To constitute an accord and satisfaction, there must be (1) an honest dispute between the parties as to the amount due at the time payment was tendered; (2) a tender of payment with the explicit understanding of both parties that it is in full payment of all demands; and (3) an acceptance by the creditor with the understanding that the tender is accepted as full payment. (*Choi v. Messer* (1989), 191 Ill. App. 3d 723, 725; *Windlow v. Wagner* (1975), 29 Ill. App. 3d 172, 179-80.) However, the partial payment of a fixed and certain demand which is due and not in dispute is no satisfaction of the whole debt even where the creditor agrees to receive a part for the whole and give a receipt for the whole demand. *Quaintance Associates, Inc. v. P L M, Inc.* (1981), 95 Ill. App. 3d 818, 821-22.

■ An accord and satisfaction may supersede the terms of the original contract and is typically raised in defense of an action brought on a contract. There must be consideration, a meeting of the minds with the intent to compromise which may be inferred from the parties' words and actions, and, finally, execution of the agreement. (*Gord*, 103 Ill. App. 3d at 384; *Windlow*, 29 Ill. App. 3d at 180.) Thus, where there is an honest dispute of the amount due and the debtor tenders a check with the explicit understanding of both parties that it is full payment of all demands, the acceptance and negotiation of the check is an accord and satisfaction *if the creditor takes the check with notice of the condition upon which the check was tendered.* (*Quaintance*, 95 Ill. App. 3d at 822; see *Nelson v. Fire Insurance Exchange* (1987), 156 Ill. App. 3d 1017, 1020.) The creditor must either accept the payment with the condition or

refuse it, and it makes no difference that the creditor protests or states that he does not accept the amount proffered in full satisfaction. Under these conditions, a creditor has no right to cash the check and thereby obtain the benefit of such an offer without its accompanying burden of compromise. (*Quaintance*, 95 Ill. App. 3d at 822.) Where there is substantially no dispute as to the facts upon which the claim of accord and satisfaction is based, the question of the creditor's assent is one of law to be determined by the court. *Quaintance*, 95 Ill. App. 3d at 822.

In the case at bar, we believe there is a substantial factual dispute regarding whether the check was negotiated with notice of the conditions upon which it was tendered in full settlement of all claims. Our careful examination of the affidavits persuades us that the trial court should not have decided this factual question solely on the documents in the record which appear to us inconclusive.

A motion to dismiss admits all facts well pleaded, and a cause of action should not be dismissed upon its pleadings unless it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to recover. (*Pennington v. Jones* (1977), 46 Ill. App. 3d 65, 67.) Affirmative matter as used in section 2—619(a)(9) of the Code of Civil Procedure (Code) is a type of defense that either negates an alleged cause of action completely or refutes conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. By contrast, where the affirmative matter is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint, section 2—619(a)(9) should not be used. *Consumer Electric Co. v. Cobelcomex, Inc.* (1986), 149 Ill. App. 3d 699, 703.

When a defendant moves for involuntary dismissal under section 2—619 of the Code and no jury demand has been made and genuine disputed questions of fact are present, the court has two options: it may deny the motion without prejudice to the right to raise the subject matter of the motion by answer or it may hear and determine the merits of the dispute based upon the pleadings, affidavits, counteraffidavits, and other evidence offered by the parties. When the latter course is taken, our duty on appeal is to review not only the law, but also the facts, and to reverse the circuit court's order if it is clearly against the manifest weight of the evidence. *Etten v. Lane* (1985), 138 Ill. App. 3d 439, 443.

■ The primary purpose of a section 2—619 motion to dismiss is to provide a means to dispose of issues of law or easily proved is-

sues of fact. However, if it cannot be determined with reasonable certainty that the alleged defense exists, the motion should be denied. (*Cobelcomex*, 149 Ill. App. 3d at 703.) Although similar to a summary judgment motion, a section 2—619 motion differs in that the court may, in its discretion, decide questions of fact upon the hearing of the motion. (*Cobelcomex*, 149 Ill. App. 3d at 703.) However, in deciding the merits of the motion, a trial court cannot determine disputed factual issues solely upon affidavits and counter-affidavits. If the affidavits present disputed facts, the parties must be afforded the opportunity to have an evidentiary hearing. *Cobelcomex*, 149 Ill. App. 3d at 703-04.

When a material and genuine question of fact is raised, the court must deny the motion if the case is one in which the plaintiff is entitled to a jury trial. If the plaintiff is not entitled to a jury trial, the court may properly decide the question of fact only by resorting either to the record or to a matter so conclusive that a plaintiff cannot deny it. (*Ramer v. Storment* (1983), 119 Ill. App. 3d 79, 83, citing *Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 229.) However, where the documents of record are far too inconclusive to allow disposition of the question, the court is obliged to deny the defendant's motion to dismiss. *Ramer*, 119 Ill. App. 3d at 83.

■ Here, the first affidavit of Saundra Huftalin states that the second check was tendered in person to plaintiff's attorney in full satisfaction of the debt; and the check was not rejected, and plaintiff gave no indication that the check was not acceptable as full satisfaction of all claims alleged in the complaint. In her second affidavit, she states that she did not recall that plaintiff's attorney said the check was insufficient to cover the amount due and owing to plaintiff.

A. Franklin Pilchard's affidavit outlines the disputed sums and states that Saundra was informed at the time of delivery of the second check that it was insufficient to pay the amounts due and Saundra did not request that it be returned. Finally, plaintiff's attorney Kruizenga states in her affidavit that there was no conditional language on the check and letter tendered the second time and that, at the time of delivery, she stated to Saundra that the check was insufficient to bring the account current. Concluding that there were no conditions attached to the check, plaintiff or its attorney accepted the check in an effort to mitigate plaintiff's damages. The facts and conclusions of fact in the affidavits raise a genuine and material question of fact regarding the intent and understanding of the parties.

In examining the second letter and check, we find that the cryptic notations on the check are at best ambiguous. The reference in the letter to the computations in the first is similarly ambiguous. Without more, we believe the notations and reference do not show the explicit understanding we believe is necessary to find an accord and satisfaction barring plaintiff's cause of action. The overall evidence in the record was too inconclusive for the court to find an accord and satisfaction.

Defendants had the burden of proving the affirmative defense. Conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest may not be admitted for purposes of deciding the motion to dismiss. (*Kirby v. Jarrett* (1989), 190 Ill. App. 3d 8, 12-13.) We believe this case demonstrates a certain amount of gamesmanship between the parties where payment is tendered in such a way as to create an ambiguous situation which may be later used to raise the affirmative defense. If a debtor wishes to obtain the benefit of an accord and satisfaction, we believe it is incumbent that the tender of payment be made in such a way that an explicit understanding of the parties can be inferred from the facts. We cannot help but observe that an accord is a type of agreement and where an agreement is ambiguous, the best recourse is to an evidentiary hearing on the parties' intent. Alternatively, an ambiguity in an instrument will be construed against the drafter. (See *City of Chicago v. Dickey* (1986), 146 Ill. App. 3d 734, 738.) Where the facts in the documents and affidavits are insufficient and the factual issues are controverted, a court should not decide the issue in this type of proceeding without an evidentiary hearing; the defendant should be required to meet its burden of proof.

We conclude that the court should have proceeded to an evidentiary hearing or should have denied defendants' motion without prejudice. Alternatively, the finding of an accord and satisfaction was against the manifest weight of the evidence.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT and WOODWARD, JJ., concur.