Jonathan C. FEENEY, M.D. and Deborah Feeney, Plaintiffs–Appellants,

v.

AMERICAN WEST AIRLINES, a corporation, Defendant–Appellee,

No. 96CA1642.

Colorado Court of Appeals, Div. I.

Oct. 23, 1997.

D'Ancona & Pflaum, Dean A. Dickie, Chicago, Illinois; Ross Davis, Jr., Vail, for Plaintiffs–Appellants.

Treece, Alfrey, Musat & Bosworth, P.C., L. Richard Musat, Paul G. Aylmer, Denver, for Defendant–Appellee.

Opinion by Judge METZGER.

In this dispute over lost baggage, plaintiffs, Jonathan C. and Deborah Feeney, appeal the summary judgment entered in favor of defendant, America West Airlines. Because we conclude the provisions of the Warsaw Convention are applicable and bar plaintiffs' claim, we affirm.

Plaintiffs purchased round-trip tickets for travel from Denver to Cabo San Lucas, Mexico, via Phoenix, Arizona. Before their return trip from Cabo San Lucas, they checked seven bags with Aero California, the carrier which had transported them between Cabo San Lucas and Phoenix, and received seven baggage claim checks. The airline tickets and claim checks provided for a stop-over in Phoenix and indicated a specific America West flight originating in Phoenix and ending in Denver.

In Phoenix, plaintiffs collected the seven bags and turned them over to America West. However, because the Aero California claim checks listed the America West flight number and showed Denver as the final destination, plaintiffs did not receive new baggage claim checks.

Upon arriving in Denver, plaintiffs received only six of their seven checked bags. They filed the appropriate claims and, after America West tendered a check for $640 for the lost bag (its maximum liability under the Warsaw Convention), plaintiffs initiated this lawsuit seeking damages of over $5,000.

The trial court granted America West's motion for summary judgment and plaintiffs initiated this appeal.

## I.

Summary judgment is a drastic remedy and is never warranted except on a clear showing that there is no genuine issue as to any material fact. *Crystal Homes, Inc. v. Radetsky*, 895 P.2d 1179 (Colo.App.1995).

In the context of a summary judgment proceeding, an issue of material fact is one whose resolution will affect the outcome of the case. *Krane v. St. Anthony Hospital Systems*, 738 P.2d 75 (Colo.App.1987). However, a "genuine issue" cannot be raised by counsel simply by means of argument. *Sullivan v. Davis*, 172 Colo. 490, 474 P.2d 218 (1970).

Our review of judgments granting a motion for summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

## II.

The Warsaw Convention, 49 U.S.C. § 40105 (1994), is an international treaty that limits airline liability for death, injury, and loss of property. The Convention came into effect in 1933 and was formally joined by the United States in 1934. *See* A. Lowenfeld & A. Mendelsohn, *The United States and The Warsaw Convention*, 80 Harv. L.Rev. 497 (1967).

 The purposes underlying the adoption of the Warsaw Convention were to set some limit on a carrier's liability for lost cargo and to establish a stable, predictable, and internationally uniform limit which would encourage the growth of what was then a fledgling industry. While this later purpose may appear to be unwarranted today, the United States still asserts its vitality. Therefore, the Convention should be construed with its initial purpose in mind. *Trans World Airlines, Inc. v. Franklin Mint Corp.*, 466 U.S. 243, 104 S.Ct. 1776, 80 L.Ed.2d 273 (1984); *see Onyeanusi v. Pan Am*, 952 F.2d 788 (3d Cir.1992)(the Convention's provisions must be construed broadly in order to further its goals of uniformity and limiting liability).

The case law addressing passenger baggage loss and the Convention's applicability is varied and widespread. *See* Annot., *Limitation on Liability of International Air Carrier for Loss of or Damage to Baggage or Goods Under Article 22 of the Warsaw Convention*, 75 A.L.R. Fed. 525 (1985).

However, the federal courts tend to agree that technical omissions which do not prejudice the passenger are not violative of the Convention's purpose of limiting airline liability. *See Republic National Bank v. Eastern Airlines, Inc.*, 815 F.2d 232 (2d Cir.1987); *Exim Industries, Inc. v. Pan American World Airways, Inc.*, 754 F.2d 106 (2d Cir. 1985); *Seth v. British Overseas Airways Corp.*, 329 F.2d 302 (1st Cir.1964); *Tseng v. El Al Israel Airlines, Ltd.*, 919 F.Supp. 155 (S.D.N.Y.1996), *aff'd in part, rev'd in part*, 122 F.3d 99 (2d Cir.1997); *Abbaa v. Pan American World Airways, Inc.*, 673 F.Supp. 991 (D.Minn.1987); *Hartford Fire Insurance Co. v. Trans World Airlines, Inc.*, 671 F.Supp. 693 (C.D.Cal.1987); *Martin v. Pan American World Airways, Inc.*, 563 F.Supp. 135 (D.D.C.1983).

Because the reasoning of the federal courts is consistent with the Convention's purpose, we choose to adhere to the rules and rationales of the federal cases.

## III.

Plaintiffs argue the trial court erred in finding that they had proper notice that the Convention applied to their travel. We perceive no error.

Article 4(3)(h) of the Convention requires that a baggage check contain:

A statement that the transportation is subject to the rules relating to liability established by this convention.

Plaintiffs do not dispute that the language on the back of their "passenger ticket and baggage check" stated:

### NOTICE

### International (Warsaw Convention) Notice

If the passenger's journey involves an ultimate destination or stop in a country other than the country of departure, the Warsaw Convention may be applicable and the Convention governs and in most cases limits the liability of carriers for death or personal injury and for loss of and damage to baggage. See also the notices entitled 'Advice to International Passengers on Limitation of Liability' and 'Notice of Baggage Liability and Limitations.'

Further, it is undisputed that the issued baggage claims stated:

### IMPORTANT NOTICE

Passengers connecting to ˙ international flights must present this claim check to the onward carriers as soon as possible. Failure to present this claim check to your connecting airline may result in a delay of your baggage. Baggage Checked Subject to Tariffs, Including Limitations of Liability Therein Contained.

The trial court did not err in concluding that the combination of these notices on the passenger ticket/baggage check and on the baggage claims was adequate to notify plaintiffs of the potential applicability of the Convention's limitation provisions.

For example, in *Seth v. British Overseas Airways Corp., supra,* 329 F.2d at 306, 307, at issue was notice language stating: "Carriage hereunder is subject to the rules and limitations relating to liability established by the Convention ... unless such carriage is not 'international carriage' as defined by the Convention...." The court held that this language gave the passenger clear notice that limitations on the carrier's liability for the loss of checked baggage were provided by the Warsaw Convention and that the carrier would avail itself of those limitations if it could.

And, in *Domangue v. Eastern Air Lines, Inc.,* 722 F.2d 256 (5th Cir.1984), the court held an airline need not prove that a passenger had actual knowledge of the limitations on liability imposed by the Convention. Rather, it was sufficient that the airline produced a copy of the passenger ticket which, in the ticket booklet, stated: "Advice to international passenger of limitation on liability" and "the Warsaw Convention may be applicable...."

 Here, the notice language specifically alerted plaintiffs that limitations on the airlines' liability for lost luggage may apply. In our view, such language is sufficient, as a matter of law, to encourage a reasonable person to investigate these limits further, and then either to make a declaration of excess value or to acquire additional insurance for the baggage.

Contrary to plaintiffs' argument, *Carriage Bags, Ltd. v. Aerolinas Argentinas,* 521 F.Supp. 1363 (D.Colo.1981) is distinguishable. The analysis there is based on a party's failure to accept certain terms stated on the back of a shipping contract, as evidenced by the absence of the party's signature. Here, no such signature or other method of acknowledgment was required to accept the Convention's terms. Plaintiffs accepted the terms of the travel contract by accepting and using the passenger tickets.

## IV.

Plaintiffs next argue the trial court erred in finding that America West had checked the baggage, thereby availing itself of the Warsaw Convention limitations on liability. We disagree.

Article 1, paragraph (3) of the Convention, defines transportation by successive air carriers as follows:

Transportation to be performed by several successive air carriers shall be deemed, for the purposes of this convention, to be one undivided transportation, if it has been regarded by the parties as a single operation, whether it has been agreed upon under the form of a single contract or of a series of contracts....

Article 30, paragraph (1) of the Convention, provides:

In the case of transportation to be performed by various successive carriers and falling within the definition set out in the third paragraph of article 1, each carrier who accepts passengers, baggage or goods shall be subject to the rules set out in this convention, and shall be deemed to be one of the contracting parties to the contract of transportation insofar as the contract deals with the part of the transportation which is performed under his supervision.

Article 30, paragraph (3) of the Convention, provides:

As regards baggage or goods, the passenger or consignor shall have a right of action against the first carrier, and the passenger or consignee who is entitled to delivery shall have a right of action against the last carrier, and further, each may take action against the carrier who performed the transportation during which the destruction, loss, damage, or delay took place. These carriers shall be jointly and severally liable to the passenger or to the consignor or consignee.

The plaintiffs do not argue that they did not consider the travel to be one undivided transportation. Nor could their travel be considered otherwise as a matter of law. *See Stratis v. Eastern Air Lines, Inc.,* 682 F.2d

406 (2d Cir.1982)(convention applicable where ticket issued to passenger covered only domestic portion of intended international trip); *see also Sopcak v. Northern Mountain Helicopter Service,* 52 F.3d 817 (9th Cir.1995)(look to parties' intent as expressed in contract to determine single, undivided operation); 80 Harv. L.Rev., *supra,* at 511 (later amendments contemplated exempting domestic portions of international flights from Convention's applicability; however, this alternative was found to be too burdensome and was rejected).

■ The trial court found, and it is undisputed, that Aero California had "affixed tags to the luggage indicating the ultimate destination of Denver and America West merely checked the baggage on through." It then concluded that the America West flight was part of an undivided transportation provided by two carriers. Since one of those flights included an international departure, all of the travel came under the province of the Convention and reliance on the Aero California baggage claims was proper.

In construing applicable portions of the Convention, the court in *Da Rosa v. Tap Air Portugal,* 796 F.Supp. 1508 (S.D.Fla.1992) held that a transferor airline's omission of the number of pieces of and weight of checked baggage was imputed to the transferee airline, which relied on the transferor's baggage claims. The court reasoned that the Convention treated each carrier as the agent of the other, making each liable for the other's actions during an undivided trip. *See* Warsaw Convention, Article 30, paragraph (3), *supra.*

That rationale is applicable here. The baggage claim issued by Aero California and used by America West was evidence of an undivided transportation and constituted "checked baggage" by America West. Thus, the trial court did not err in its determination.

### V.

### A.

Plaintiffs assert the trial court erred in determining that America West had satisfied the requirements of the Convention concerning the display of the weight and number of pieces of luggage on the baggage claim checks. We find no error.

Article 4, paragraph (4), of the Convention, provides that:

> The absence, irregularity, or loss of the baggage check shall not affect the existence or the validity of the contract of transportation which shall none the less be subject to the rules of this convention. Nevertheless, if the carrier accepts baggage without a baggage check having been delivered, or if the baggage check does not contain the particulars set out at … (f) [The number and weight of the packages] … the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability.

■ It is undisputed that, when the luggage was checked with Aero California in Cabo San Lucas, Mexico, an attendant marked one of the baggage claims with a "7/70." This indicated that the traveling party had checked a total of seven bags, each weighing the maximum allowable weight under federal regulation of 70 pounds. Therefore, there was not a total failure to record the number and weight of the baggage.

Plaintiffs also argue that the trial court misapplied the law to these facts in finding the "7/70" to be an adequate notation. We disagree.

Failure to follow the technicalities of the Convention does not preclude the applicability of its liability limitations. For example, in *Lourenco v. Trans World Airlines, Inc.,* 244 N.J.Super. 48, 581 A.2d 532 (1990), the airline's failure to record the weight and number of pieces of a passenger's luggage on the baggage claim was deemed to be a technical and insubstantial omission, and did not deny the airline the benefit of the Convention's limitation on liability. *See also Abbaa v. Pan American World Airways, Inc., supra* (where passenger knows approximate weight of lost baggage he is not prejudiced by failure of airline to note weight).

We conclude that the "7/70" mark satisfied the requirements of the Convention. Plaintiffs' reliance on cases addressing the failure

to make any record of baggage number and weight is misplaced.

### B.

The trial court also correctly concluded that, because the airline had attributed the maximum allowable weight to their baggage, plaintiffs were not prejudiced by the marking of the baggage claim check with a "7/70." This marking fulfilled the Convention's purpose by providing plaintiffs with the maximum recovery authorized. *See Tseng v. El Al Israel Airlines, Ltd., supra* (where number of pieces of and weight of baggage is not indicated on the baggage check, limitation on liability based on maximum allowable weight is nonprejudicial); *Martin v. Pan American World Airways, Inc., supra* (prejudice does not occur by airline's failure to weigh baggage where maximum weight allowance is applied in determining damage award); *Lourenco v. Trans World Airlines, Inc., supra.*

Thus, the trial court's determination that the "7/70" mark satisfied the Convention's requirements was proper. *See Trans World Airlines, Inc. v. Franklin Mint Corp., supra; Onyeanusi v. Pan Am, supra.*

### VI.

Plaintiffs finally contend a genuine issue of material fact exists whether the baggage checks reflected the number of the passenger ticket as required by the Convention. Thus, they argue, the trial court erred in granting summary judgment. We disagree.

■ The trial court did not specifically address this contention in its order. However, our review of the record as a whole convinces us that the trial court necessarily rejected this contention. *See Bayou Land Co. v. Talley,* 924 P.2d 136 (Colo.1996).

Article 4, paragraph (4) of the Convention, provides that:

> The absence, irregularity, or loss of the baggage check shall not affect the existence or the validity of the contract of transportation which shall none the less be subject to the rules of this convention. Nevertheless, if the carrier accepts bag-

gage without a baggage check having been delivered, or if the baggage check does not contain the particulars set out at ... (d)[The number of the passenger ticket] ... the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability.

Here, the passenger receipt issued by the travel agent specifically provided that it acted as a "passenger ticket/baggage check." And, this particular document contained the number of the passenger ticket. Therefore, it is apparent that there is no issue of material fact whether this specific requirement of the Convention was satisfied.

The judgment is affirmed.

STERNBERG, C.J., and PLANK, J., concur.