James A. CURTIN, Margaret A. Wombacher, David J. Simmons, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

UNITED AIRLINES, INC., Defendant.

Civil Action No. 99–3056 (RCL).

United States District Court,
District of Columbia.

Oct. 20, 2000. ·

Leonard N. Bebchick, Washington, DC, for Plaintiffs.

Frederick C. Shafrick, Timothy G. Lynch, Shea & Gardner, Washington, DC, for Defendant.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This matter comes before the Court on the Motion For Summary Judgment ("Def's.Motion") filed by defendant United Airlines, Inc. ("United"), and the Cross–Motion For Partial Summary Judgment filed by plaintiffs James A. Curtin, Margaret A. Wombacher, and David J. Simmons, on behalf of themselves and all others similarly situated ("Pls.' Motion"). Upon consideration of those motions, the oppositions and replies thereto, the entire record

herein, and the relevant law, the Court denies plaintiffs' motion and grants defendant's motion.

## I. *BACKGROUND*

This is an action arising under the Warsaw Convention, 49 Stat. 3000, TS 876, 49 U.S.C. § 40105 note ("Convention"). Article 18 of the Convention imposes strict liability on the airlines for damages to or loss of baggage sustained during air travel. However, article 22 allows airlines to limit their liability for damages sustained as a result of airline travel to $9.07 per pound of damaged or lost baggage. Article 4 of the Convention also proscribes certain procedures that airlines must follow when checking baggage and clearly states that if these procedures are not followed, the airline is precluded from invoking the liability limiting provisions of the Convention.

Named plaintiff Curtin flew from Cork, Ireland to Washington, DC on or about September 19, 1998. He checked four bags, including a bag of golf clubs, and received a baggage claim and ticket. The weight of the bags was not indicated on the baggage claim or ticket. The bag of golf clubs never arrived in Washington. Curtin reported his loss before leaving the airport and thereafter filed a claim for $921 as the fair value of his lost bag. On February 26, 1999, United sent Curtin a letter that stated "[b]ecause your itinerary involved an international destination, claim settlement is governed by the 'Warsaw Convention' which limits our liability to $635 due to a loss, damage or delay." United then sent Curtin a settlement check, which indicated on the back that "[b]y endorsement of this check payee(s) agree that the amount shown is accepted in full and complete settlement of any and all claims which payee(s) may have against United Air Lines, Inc., ... for loss, damage or delay sustained by reason · of an incident involving a United flight." Curtin signed and deposited the check on or around March 12, 1999. (Plaintiffs' First Amended Class Action Complaint at ¶¶ 6–7

("Plts.' Am. Cplt. ¶"); Declaration of Ron Juris ISO Defs.' Motion ("Juris Decl. # 1") ¶¶ 4–7, Exs. A–C.)

Named plaintiff Margaret A. Wombacher flew from London, England to Chicago, IL on or about January 11, 1999. She checked four bags, and received a baggage claim and ticket. The weight of the bags was not indicated on the baggage claim or ticket. One of her bags never arrived in Chicago. Wombacher reported her loss before leaving the airport and thereafter filed a claim for $1965 as the fair value of her lost bag. On May 5, 1999, United sent Wombacher a letter identical to the letter sent to Curtin and which is quoted above, and, later, sent a settlement check containing the same release language as the check sent to Curtin. Wombacher signed and deposited the check on or around June 4, 1999, with a notation on the back of the check that added the word "not" between the phrases "payee(s) agree that the amount shown is" and "accepted in full and complete settlement". (Pls.' Am. Cplt. ¶¶ 8–9; Declaration of Ron Juris ISO Motion for Summary Judgment on the Individual Claims of Plaintiffs' Wombacher and Simmons by Defendant United Airlines, Inc. ("Juris Decl. # 2") ¶¶ 10–13, Exs. F–H.)

Named plaintiff David J. Simmons flew from London, England to Chicago, IL and then from Chicago, IL to Atlanta, GA on January 4, 1999. He checked one bag, and received a baggage claim and ticket, on neither of which was the weight of the bag marked. His bag arrived in Chicago, but never arrived in Atlanta. Simmons reported his loss before leaving the airport and thereafter filed a claim for $1355 as the fair value of his lost bag. On March 1, 1999, United sent Simmons a letter which included the statement "As your trip involved international travel, payment for your loss is based on the weight of your checked bag. The maximum liability our company assumes is $9.07 per pound, up to 70 pounds per checked item unless excess valuation is declared and purchased prior

to travel." United then sent a check to Simmons for $635. On March 24, 1999, Simmons' lawyer sent a letter to United claiming that since Simmons had been on a domestic flight at the time his luggage was lost, the amount offered "is very substantially less than his loss and is also substantially less than your legal liability for luggage which you loose [sic] on a domestic flight." On April 2, 1999, Ron Juris, Baggage Claim Representative sent a letter back to Simmons' lawyer stating that since the flight was "in conjunction with international travel," the Warsaw Convention provisions applied to his case. Simmons signed and deposited the check sent to him by United on or around April 28, 1999. (Pls.' Am. Cplt. ¶¶ 10–11, Juris Decl. # 2 ¶¶ 4–9, Exs. A–C.)

On November 17, 1999, plaintiff Curtin filed this action on behalf of all those individuals who traveled on international flights operated, at least in part, by United Airlines, Inc. ("United"), who checked their bags without United employees marking the bags' weight on the baggage check, who lost their bags under circumstances in which United was liable for the loss under the Convention, gave timely notice and filled out the appropriate claim forms and received a payment from United which United claimed amounted to the limit of its liability under the Convention. Pls.' Cplt ¶ 5. On January 24, 2000, plaintiff Curtin asked for leave to amend his complaint to add the additional plaintiffs now listed. Leave was granted on March 13, 2000. On January 18, 2000, United filed its motion for summary judgment. On February 16, 2000, plaintiff Curtin filed his cross-motion for partial summary judgment. On March 24, 2000, United filed its motion for summary judgment against the additional individual plaintiffs. As is explained in more detail below, the Court grants defendant's motion for summary judgment and denies plaintiffs' cross-motion for summary judgment.

## II. *ANALYSIS*

Plaintiffs allege that they are entitled to reimbursement from United because United is precluded from taking the Convention's liability limitation because United violated Article 4(2)(f) of the Convention by not marking the weight of the baggage on the baggage claim and article 4(4) explicitly predicates the liability limitation on compliance with Article 4(2)(d), (f) and (h). Defendants raise several defenses, the first being that plaintiffs' claims are barred by the contractual defense of accord and satisfaction since all three plaintiffs accepted the settlement that United offered them to settle their claims by cashing their checks.

■ Accord and satisfaction is a "method of discharging and terminating an existing right and constitutes a perfect defense in an action for enforcement of the previous claim."[1] *ABB Daimler–Benz Transp., Inc. v. National R.R. Passenger Corp.*, 14 F.Supp.2d 75, 93 (D.C.Cir.1998) (citing 6 Arthur L. Corbin, Corbin on Contracts, § 1276 (1962)). The burden of proof is on the party asserting the defense, in this case United, to prove that all the elements that constitute a valid accord and satisfaction have been met. *Id.* The common law elements of accord and satisfaction have been codified in the Uniform Commercial Code § 3–311 as: (1) an honest dispute over an unliquidated claim; (2) a tender of payment with the explicit understanding of both parties that it is in full payment; and (3) an acceptance by the creditor with the understanding that the tender is accepted as full payment. *See A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.*, 243 Ill.App.3d 905, 183 Ill.Dec. 356, 611 N.E.2d 619, 623 (1993); *Anderson,* 737 P.2d at 419; *Kendrick,* 244 Ga.App. at 363.

■ United has met its burden of proving each of the elements of an accord and satisfaction are present with regards to each of the plaintiffs in this action. Moreover, the plaintiffs have defined the class they seek to represent in such a way that United could assert such a defense against each of the class members. First, the amount that United owed each plaintiff for their lost luggage was unliquidated, and honestly in dispute. Plaintiffs claimed to be owed one amount and United offered to pay a lower amount. (Pls.' Am. Cplt. ¶¶ 7, 9, 11). Plaintiffs' argument that since United offered to pay less money than plaintiffs thought they were due, such a payment was a partial payment of an amount "indisputedly owed" is rejected. (Pls.' Memo. at 11.) If such an argument were accepted, no accord and satisfaction would ever be valid, as disputed claims necessarily involve one party offering to pay less than the other party thinks it deserves.

■ Second, United clearly indicated its intention that the check it sent would constitute full payment of their claims. It did so both by sending a letter to each of the plaintiffs informing them of United's intention to send a check which would constitute full payment for their claims, and by clearly indicating this fact on the back of the check in the space where plaintiffs' endorsed the check. (Juris Decl. # 1 Exs. B–E, G–H; Juris Decl. # 2 Exs. B–C.) Finally, each of the plaintiffs accepted this offer by cashing the check that United sent to them. (Juris Decl. # 1 Exs. E,H; Juris Decl. # 2 Ex. C.) This situation is, literally, a textbook example of accord and satisfaction. 6 Arthur L. Corbin, Corbin on Contracts, § 1276 (1962).

■ Plaintiffs attack the formation of a valid accord and satisfaction defense in

---

1. This court declines to address the choice-of-law issue raised by the parties, as all relevant jurisdictions rely on the UCC § 3–311 and Restatement (Second) of Contracts § 281 definitions of accord and satisfaction, which codify the common law doctrine. *See Anderson v.*

*Rosebrook,* 737 P.2d 417, 419 (Colo.1987), *Nelson v. Fire Ins. Exchange,* 156 Ill.App.3d 1017, 1022, 109 Ill.Dec. 516, 510 N.E.2d 137 (1987); *Kendrick v. Kalmanson,* 244 Ga.App. 363 (Ga.App.2000).

this case by arguing that no binding offer was made because there was no "meeting of the minds." Plaintiffs argue that because United failed to disclose that the issue of whether the limitation on United's liability applied in cases where the airline failed to mark the weight of the baggage on the baggage check was in dispute, United concealed or misrepresented a material fact. Courts are divided on the question of whether a failure to mark the baggage weight is a material violation of the Convention that prevents United from limiting its violation. *Compare Cruz v. American Airlines, Inc.*, 193 F.3d 526 (D.C.Cir.1999); *Spanner v. United Airlines, Inc.*, 177 F.3d 1173 (9th Cir.1999); *Tchokponhove v. Air Afrique*, 953 F.Supp. 79 (S.D.N.Y.1996) (holding that failure to record weight precludes taking advantage of liability limitations) *with Feeney v. America West Airlines*, 948 P.2d 110 (Colo.App.1997); *Lourenco v. Trans World Airlines*, 244 N.J.Super. 48, 581 A.2d 532 (1990); *Hibbard v. Trans World Airlines, Inc.*, 70 Ohio App.3d 829, 592 N.E.2d 889 (1990) (holding that failure to record weight was a mere technicality that did not preclude taking advantage of liability limitations). Indeed, within the months that these letters were being sent out, United itself was in litigation in California over exactly this issue. *See Spanner*, 177 F.3d 1173 (reversing district court ruling that failure to record weight was a mere technicality that did not preclude taking advantage of liability limitations). Plaintiffs argue that United's statement

that its liability was limited under the Convention constituted either a mistake, unilateral or mutual, or in the alternative, that United's statement was a misrepresentation.[2]

■ Plaintiffs' argument fails because this Court finds that there was no material fact that was concealed or misrepresented to plaintiffs. United's statement about the extent of its liability constituted neither a mistake nor a misrepresentation; United merely stated its legal opinion as to the extent of its liability. Expressions of opinion do not constitute misrepresentations. *See, e.g., Mehaffy, Rider, Windholz & Wilson v. Central Bank Denver, N.A.*, 892 P.2d 230, 237 (Colo.1995); *see also Butler v. Mayer, Brown & Platt*, 301 Ill.App.3d 919, 235 Ill.Dec. 167, 704 N.E.2d 740, 743 (1998); *Buckner v. Mallett*, 245 Ga. 245, 246, 264 S.E.2d 182 (1980). United's position was supported by the findings of a number of courts across the country. Plaintiffs were free to investigate the matter to determine whether they agreed with United's position, and to refuse to accept the check if they did not agree. In fact, plaintiff Simmons did make some effort to investigate the matter, by hiring counsel and sending another letter to United and plaintiff Wombacher made some attempt to refuse to accept the check.[3] Since United did not misrepresent or conceal any material facts plaintiffs' attack on United's defense of accord and satisfaction must fail.

2. In the Meet and Confer report, plaintiffs also argued that since plaintiff Wombacher indicated on the check before cashing it that she did "not" agree that this check constituted payment in full on her claims, the third element of a valid accord and satisfaction is not satisfied. Meet and Confer Report at 2–3. While plaintiff did not raise this argument, the Court affirms that "a creditor cannot avoid the consequences of accepting the accord, i.e., cashing the check, by declaring that he does not assent to the condition attached by the debtor." *See Anderson*, 737 P.2d at 419 (citing to Restatement (Second) of Contracts § 281 comment d, illustration 6).

3. Assuming, arguendo, that United's assertion did conceal or misrepresent a material fact, there is evidence from which it may be inferred that plaintiffs did not rely on that fact. First, while plaintiff Wombacher's attempt to preclude herself from being bound by the accord United offered her proved unsuccessful, it does provide evidence that she did not rely on United's assertion that its liability was limited. Second, plaintiff Simmons retained counsel after receiving the check from United, instead of relying upon United's representations.

### III. *Conclusion*

For the reasons stated above, the Court holds that defendants have raised a valid defense of accord and satisfaction that plaintiffs have not rebutted, and that plaintiffs' claims are therefore barred. In a separate order this date, the Court therefore GRANTS defendants' motion for summary judgment and DENIES plaintiffs' motion for partial summary judgment.

SO ORDERED.