PENROSE LUCAS ALBRIGHT

V.

BURKE & HERBERT BANK & TRUST COMPANY

Record No. 940961

April 21, 1995

Present: All the Justices

*Penrose Lucas Albright*, for appellant.
*Becky J. Moore (Land, Clarke, Carroll & Mendelson*, on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this appeal, we consider whether a borrower has pled a cause of action against a bank that refused to perform an alleged contract to refinance the borrower's defaulted loans. We also consider whether the trial court can condition the borrower's amendment of his motion for judgment upon his payment of the attorney's fees incurred by the bank in defending the borrower's prior non-suited action. Since the trial court sustained the bank's demurrer to the borrower's motion for judgment, we state as true the facts alleged in the motion for judgment and all reasonable inferences to be drawn therefrom. *Covington v. Skillcorp Publishers*, 247 Va. 69, 70, 439 S.E.2d 391, 391 (1994).

On August 24, 1988, Penrose Lucas Albright was in default in the payment of three notes held by Burke & Herbert Bank & Trust Company (the bank). Two notes aggregating $45,000 were unsecured, and a third note of $144,150 was secured by a deed of trust upon real estate Albright owned in Alexandria. Albright

discussed with the bank "a revised arrangement" to pay these three defaulted notes. The motion for judgment alleges that:

> [I]n consideration of the mutual promises made [in the discussion, Albright] then entered into an oral contract with [the bank] which included the following terms: that [Albright] would make one $10,000.00 payment on the existing Secured Note; that [the bank] would modify the Secured Note by converting it to a new Note with a principal amount owed of $128,000.00, calling for monthly payments on a 25-year amortization schedule of approximately $1,200.00 per month with a "balloon" payment due in the third or fifth year of said schedule consisting of the balance of the Note, plus one month's interest; that [Albright] would pay $3,000.00 on the principal due plus interest therefor on the Unsecured Notes, and that said Notes would then be consolidated into one 90-day Note for $42,000.00; that when the $42,000.00 Note came due, [Albright] would pay a significant portion of the principal due on said Note and said Note would then be renewed at a lesser amount.

Albright thereafter made the above payments in accordance with his oral contract, and the unsecured notes were consolidated into a $42,000 90-day note. However, "sometime during or about October 1988," without notice to Albright, the bank directed the trustees named in the deed of trust to "foreclose on said property [securing the debt]." Accordingly, the trustees scheduled a foreclosure sale for December 29, 1988.

On November 17, 1988, Albright "asked that the remainder of the oral contract . . . be implemented" by converting the secured note into a monthly payment note as agreed. The bank refused to do so and thereby forced Albright to sell the property "under unfavorable conditions" to avoid foreclosure.

Contrary to its August 24 oral contract, the bank also advised Albright that his $42,000 unsecured 90-day note would not be renewed when it matured on November 25. Since Albright was unable to pay that note, the bank sued him in the Circuit Court of Arlington County. On October 27, 1989, the bank obtained a judgment against Albright for the amount of that note, plus interest, late charges, attorney's fees, and costs.

Albright had filed a counterclaim setting forth various claims arising from the breach of the oral contract. The issues on the counterclaim were set for trial in November 1989. However, on the morning of trial, Albright nonsuited his counterclaim. Later, he filed a motion for judgment in the Circuit Court of Arlington County against the bank, again asserting claims arising from the bank's breach of the oral contract. After venue was transferred to the Circuit Court of the City of Alexandria, Albright again nonsuited his claim on the morning of trial.

Later, Albright filed a three-count motion for judgment in this action alleging (1) a breach of oral contract, (2) a breach of the bank's "obligation of good faith in contracting," and (3) "actual and/or constructive malice by [the bank]." The bank filed a motion to dismiss on the ground that Albright had twice nonsuited these causes of action on the days they were to be tried. The bank also filed a demurrer.

The court sustained the bank's demurrer, but denied the bank's motion to dismiss. However, the court conditioned Albright's right to amend his motion for judgment upon payment of the attorney's fees the bank had expended in defending the last action that Albright nonsuited. Albright appeals.

Challenging the ruling sustaining the demurrer, Albright contends that the consideration required to support the oral contract alleged in Count I is contained in (1) his agreement to pay, and subsequent payment of, the alleged sums to reduce his indebtednesses, (2) his reliance upon the bank's promise to refinance by making no effort to secure financing from any other source, and (3) the benefit to the bank of continued interest payments. We find no merit in any of these contentions.

A debtor's promise to pay sums already due is not sufficient consideration to support a creditor's agreement to refinance the loan. 3 Samuel Williston, *A Treatise on the Law of Contracts* § 7:26 at 466 (Richard A. Lord ed. 1992). Nor does a debtor's failure to seek financing elsewhere supply the necessary consideration for a creditor's agreement to refinance a defaulted loan. *See Greenwood Assocs., Inc. v. Crestar Bank*, 248 Va. 265, 269, 448 S.E.2d 399, 402 (1994) (mere debtor forbearance from seeking other financing not sufficient consideration for creditor's promise not to "double profit" from its resale of secured property). And since the motion for judgment fails to allege the parties agreed that Albright would pay more interest on the refinanced loans

than he was obligated to pay on the defaulted loans, Albright's continued interest payments do not supply the necessary consideration. *See id.* Accordingly, we will affirm the ruling sustaining the bank's demurrer to the first count.

■ We also find no merit in Albright's contention that the bank's actions were a breach of its "obligations to act in good faith in contracting," as charged in Count II. We will assume, but not decide, that Albright's motion for judgment states a claim subject to the provisions of Code § 8.1-203 of the Uniform Commercial Code, which provides that "[e]very contract or duty within this act imposes an obligation of good faith in its performance or enforcement." Nevertheless, since the bank had not made a valid refinancing contract with Albright, it still had a contractual right to foreclose its secured loan and to sue him for the balance due on the unsecured note. And there can be no breach of Code § 8.1-203 in enforcing a contractual right. *Mahoney v. NationsBank of Virginia*, 249 Va. 216, 221, 455 S.E.2d 5, 8 (1995). Therefore, the court properly sustained the demurrer to the second count.

Albright's alleged cause of action of "actual and constructive malice," set forth in Count III, is grounded upon the bank's acting "in a manner contrary" to its "material" representations, which were made "with recklessness or made with indifference or made with a conscious disregard that [Albright] would be misled thereby." According to Albright, even if the bank did not enter into a valid oral contract, the allegations of Count III set forth a cause of action for "actual or constructive fraud." We disagree.

■ Nowhere in Count III does Albright allege that the bank was guilty of actual or constructive fraud. Nor does Count III allege (1) that the bank's alleged representations were false and made intentionally and knowingly, two of the necessary elements of actual fraud, or (2) that the bank made innocent or negligent *mis*representations, a necessary element of constructive fraud. *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994). Thus, the trial court properly sustained the demurrer to the third count.

This brings us to a consideration of the court's requirement that Albright pay the bank's attorney's fees incurred in the defense of Albright's previously nonsuited counterclaim and his refiled action. The bank contends that Code § 8.01-380 gave the trial court the authority to assess these attorney's fees. We disagree.

■ Code § 8.01-380(B) provides:

> Only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right, although the court may allow additional nonsuits or counsel may stipulate to additional nonsuits. The court, in the event additional nonsuits are allowed, may assess costs and reasonable attorney's fees against the nonsuiting party.

In our opinion, this statute limits the assessment of attorney's fees to the cause of action being nonsuited. It does not authorize such an assessment in a subsequent action. Nor does Code § 8.01-380(B) give the court the right to condition the filing of an amended motion for judgment upon the payment of such fees, as the bank contends. Hence, the trial court erred in doing so.

For the foregoing reasons, we will affirm the court's judgment in sustaining the bank's demurrer, and we will reverse that part of the judgment conditioning the filing of an amended motion for judgment upon the payment of attorney's fees. We will remand the case for further proceedings consistent with this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*