# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

C. W. Chittum, Inc.

v.

John J. Anthony et al.

November 26, 2001

Case No. CH01-357

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented in this mechanic's lien enforcement suit is whether an evidentiary hearing is necessary for a proper adjudication of the defendant's plea of accord and satisfaction.

*Factual Background*

The following pertinent facts are gleaned from the pleadings and stipulated exhibits.

Chittum contracted with Anthony and Vacek to do certain excavation, landscaping, and related work on property owned by Anthony and Vacek on Bragg Road. Subsequently, Chittum billed Anthony and Vacek $27,925.20 for the work. When the bill was not paid, Chittum filed a memorandum of mechanic's lien on April 18, 2001. On May 3, 2001, Anthony sent a check to Chittum in the sum of $17,282.00. The check bore the notation "Final Payment" on its face. The check was accompanied by a letter dated May 3, 2001, describing the check as "final payment of $17,282 for the site improvements done."

In the letter, Anthony asserted that "several things were not fulfilled" and that he had "deducted a fair price" for deficiencies, which he enumerated. He said that the payment was "more than compensation" for the work done. In

closing, he said: "If the check meets with your approval, we will expect the lien on the property to be released immediately."

Chittum deposited the check, credited Anthony and Vacek with the payment of $17,282.00, and on May 15, 2001, sent another invoice to them for the balance of $10,643.20.

This suit was instituted on May 29, 2001. Anthony and Vacek responded with an answer and a special plea of accord and satisfaction.

The special plea was argued on November 5, 2001. Anthony and Vacek presented the check and letter as stipulated exhibits and asked the court to rule as a matter of law that Chittum's claim was discharged by its acceptance of the check. Chittum disagreed, arguing that the court must conduct an evidentiary hearing to determine whether all requirements of accord and satisfaction have been met.

### Legal Principles

Accord and satisfaction is a method of discharging a contract or settling a cause of action by substituting for such contract or cause of action an agreement for the satisfaction thereof and an execution of such substituted agreement. The new agreement is the "accord" and the discharge is the "satisfaction." See 21A M.J., *Words and Phrases*, § 7; 1A M.J., *Accord and Satisfaction*, § 1; Virginia Code § 11-12; and *Black's Law Dictionary* (7th ed.) p. 17.

A common method by which an accord and satisfaction may be achieved is by use of a negotiable instrument — for example, by the debtor tendering a check to the claimant for some amount less than the full amount claimed. Since 1993, such a situation has been governed by Virginia Code § 8.3A-311. (This statute is part of revised Article 3 of the Uniform Commercial Code, designated as Article 3A, adopted by the General Assembly at its 1992 session.)

Section 8.3A-311 provides that a debt or claim is discharged when, under certain circumstances, the debtor tenders less than full payment by means of negotiable instrument and the claimant obtains payment of the instrument. The statute is designed to encourage accord and satisfaction as an informal method of dispute resolution.

Three requirements must be met in order for the statute to apply. The statute applies if a person against whom a claim is asserted proves that (1) in good faith he tendered an instrument to the claimant as full satisfaction of the claim, (2) the amount of the claim was unliquidated or subject to a bona fide dispute, and (3) the claimant obtained payment of the instrument.

If it is determined that these threshold criteria have been met, the statute applies and the debt is discharged if the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered in full satisfaction of the claim.

## Decision

The check tendered by Anthony and Vacek to Chittum contained "a conspicuous statement to the effect that the instrument was tendered in full satisfaction of the claim."

The court makes this determination without need of further evidence and without intervention of a jury based on the stipulated exhibits. The check bore the following notation: "Final Payment." Conspicuous is defined in § 8.01-201(10). A statement is conspicuous if it is written so that a reasonable person against whom it is to operate ought to have noticed it. Official Comment 4 to § 8.3A-311 points out that if the alleged accord and satisfaction involves a check, the cancelled check can be used to prove the statement, and because the payee can be reasonably expected to examine the check (a relatively small piece of paper), almost any statement on the face of the check should be noticed and is therefore conspicuous.

Here, the words "Final Payment" appear on the face of the check in the bottom left corner on the "For" line. The writing is at least the same size as the other writing on the check. As a matter of law, the statement is conspicuous as defined in the U.C.C., and the statement clearly indicates that the check was tendered as full satisfaction of Chittum's claim.

This ruling is meaningful, however, only if the statute applies. As noted above, the statute applies only if the pleader proves three things.

First, the pleader must prove that he tendered the instrument in good faith as full satisfaction of the claim. Good faith is defined in § 8.3A-103(4) as "honesty in fact" and "the observance of reasonable commercial standards of fair dealings." The meaning of fair dealing depends on the circumstances of each case. See Official Comment 4 to § 8.3A-311. Whether Anthony and Vacek tendered the check in good faith is something that cannot be ascertained from the check and the accompanying letter.

Second, the pleader must establish that the claim was unliquidated or subject to a bona fide dispute. Anthony and Vacek contend that the accompanying letter establishes that Chittum's claim was disputed. But the dispute must be a bona fide dispute. In other words, the person against whom a claim is made must have an honest basis for disputing the amount of the bill. That cannot be determined from the check and the accompanying letter.

Finally, the pleader must prove that the claimant obtained payment of the instrument. In this case, that fact is undisputed. Chittum received payment on the check, acknowledged it in his invoice of May 15, 2001, and admits it in his pleadings.

Therefore, the court holds that although the check and the accompanying letter are strong evidence of the threshold requirements for the applicability of § 8.3A-311, they are not conclusive. The parties must be afforded an evidentiary hearing to present relevant evidence, in addition to the check and the letter, with regard to the requirements in § 8.3A-311(a)(i) and (ii).

(No one has mentioned the limitations of § 8.3A-311(c), which is designed to prevent inadvertent accord and satisfaction. If there are factual disputes related to that matter, those facts also would be heard.)

## Conclusion

For the reasons stated, the court declines the defendants' invitation to decide their plea of accord and satisfaction as a matter of law without an evidentiary hearing. Either party is entitled to have the issue tried by a jury (Virginia Code § 8.01-336(D)), or a judge can hear and decide the issue if the parties waive their right to a jury trial. In the event of waiver, this office can give the parties a hearing date at a relatively early date.