PRESENT: All the Justices

GELLES & SONS GENERAL CONTRACTING, INC.

v.  Record No. 012319        OPINION BY JUSTICE ELIZABETH B. LACY
                                    September 13, 2002
JEFFREY STACK, INC., T/A JSI
PAVING & CONSTRUCTION, ET AL.

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      M. Langhorne Keith, Judge

     Gelles & Sons General Contracting, Inc. (Gelles) appeals

the trial court's final order, holding that its claim for

additional monies allegedly due under its contract with Jeffrey

Stack, Inc. (JSI) was barred by an accord and satisfaction

pursuant to Code § 8.3A-311.  Because we conclude that the trial

court's factual determination, that a reasonable person would

consider that JSI provided Gelles with a "conspicuous statement

to the effect that the instrument was tendered as full

satisfaction of the claim," was not clearly erroneous, we will

affirm the judgment of the trial court.

     Through a series of oral agreements, Gelles agreed to

provide brick laying work on JSI's construction project.  Gelles

submitted invoices totaling $91,932 for its work.  JSI paid

Gelles $70,486.  In response to Gelles' invoice for a balance of

$26,175, JSI sent Gelles a schedule of account on December 8,

2000, reflecting a balance remaining of only $13,580 after

adjustments made for work and materials provided by JSI "in

order to properly complete the work."  In a December 11

facsimile transmittal Gelles disagreed with JSI's statement of account and requested payment of the full amount invoiced.  On December 13, 2000, JSI sent Gelles a letter detailing the deficiencies in Gelles' work.  The final paragraph of the letter stated, "JSI Paving and Construction stands by its final amounts as stated on the latest correspondence dated December 8, 2000.  Enclosed, please find a check in the amount of $13,580.00 representing final payment on the contract."  Gelles negotiated JSI's check for that amount.

Gelles filed a motion for judgment against JSI and its bonding company, North American Specialty Insurance Company (NASIC), for $26,000 plus interest, asserting that it was entitled to the entire unpaid balance.  JSI and NASIC filed a plea in bar, claiming that Gelles' action was barred by an accord and satisfaction pursuant to Code § 8.3A-311.

After an evidentiary hearing on the plea in bar, the trial court concluded that the requirements set out in Code § 8.3A-311(a)-(b) had been met, that there was an accord and satisfaction, and entered an order dismissing Gelles' motion for judgment.  We awarded Gelles this appeal.

### DISCUSSION

Code § 8.3A-311 provides in pertinent part:

> (a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the

claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.

(b) . . . the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

Gelles maintains that the statement in JSI's December 13 letter that the check submitted by JSI represented "final payment on the contract" did not meet the requirements of Code § 8.3A-311(b) because it was neither conspicuous nor sufficiently clear to inform a reasonable person that cashing the check constituted a settlement of the claims between the parties.

Conspicuous, as defined in Code § 8.1-201(10), means a term or clause that a reasonable person "ought to have noticed." This definition describes a physical attribute of the statement, not the content or meaning conveyed by the statement. Therefore, the manner in which the statement is displayed is the focus of the inquiry. According to Code § 8.1-201(10), whether a term or clause is conspicuous, as required by Code § 8.3A-311(b), is a decision to be made by the court.

There is no statutory requirement, found in Code § 8.1-201(10) or elsewhere, that the term or clause must be displayed in specific type or in any other distinguishing manner. While asserting that the statement in issue is not conspicuous, Gelles

3

presents little support for this assertion, suggesting rather that "[t]he most important question" is whether the statement adequately relayed JSI's intent to tender the check in full satisfaction of Gelles' claim. Under these circumstances, we find no basis for rejecting the trial court's determination that the statement at issue was "conspicuous" for purposes of Code § 8.3A-311(b).

The crux of Gelles' argument on appeal is that the language at issue would not clearly inform a reasonable person that the check was being offered in full satisfaction of the claim. As noted in the official comment, Code § 8.3A-311 "follows the common law" with only "minor variations to reflect current business conditions." Thus, common law principles regarding the nature of the offer are relevant to applying the doctrine of accord and satisfaction as codified in Code § 8.3A-311.

Under the common law, an accord and satisfaction requires both that the debtor intend that the proffered amount be given in full satisfaction of the disputed claim and that the claimant accept that amount in accordance with the debtor's intent. Virginia-Carolina Elec. Works, Inc. v. Cooper, 192 Va. 78, 80-81, 63 S.E.2d 717, 719 (1951). The acceptance need not be express, but may be implied. Id., 63 S.E.2d at 719. In Mercury Insurance Co. v. Griffith, 178 Va. 9, 18, 16 S.E.2d 312, 315 (1941), we explained that the giving and acceptance of a check

4

is prima facie evidence that the check constituted "payment in full" of the disputed account and that acceptance of the check "merely placed the burden of proof upon the [claimant]." "The acceptance of a check on which appears 'in full of account,' or words of like import, does not in fact close the account unless it was accepted with intelligent appreciation of its possible consequences, coupled with knowledge of all relevant facts." Id. at 20, 16 S.E.2d at 316.

Code § 8.3A-311 codifies these principles in subsections (a) and (b). Thus, once the requirements of those subsections are met, an accord and satisfaction is presumed. The party challenging the accord and satisfaction may rebut this presumption. Unlike the common law, however, the statute requires the claimant to overcome the presumption by satisfying an objective rather than a subjective test, that is, would a reasonable person have considered that the "instrument was tendered as full satisfaction of the claim?" See Webb Bus. Promotions, Inc. v. American Electronics & Entertainment Corp., 617 N.W.2d 67, 76 (Minn. 2000) (applying the UCC and holding that the presumption is rebutted if the claimant shows that a reasonable person would not have understood that the payment meant to discharge the obligation).

We now turn to the application of these principles to the facts of this case. First, Gelles urges that this Court adopt

"clear guidelines" for language that is sufficient to give rise to the presumption under the statute.  The statute itself, however, by describing the required statement as one "to the effect" that the tender will satisfy the debt, necessarily contemplates that no specific language is required and that each case must be considered on its own merits.  Additionally, if a claimant has any misgivings about the nature of the tender, Code § 8.3A-311(c)(2) allows the claimant to repay the creditor within 90 days and nullify the accord and satisfaction.  This statutory scheme protects a claimant and is inconsistent with a requirement that only certain language will invoke the presumption.

The trial court concluded in this case that the evidence presented a prima facie case of an accord and satisfaction under the statute.  In rejecting Gelles' arguments that the language at issue was ambiguous and would not lead a reasonable person to conclude that the tender of the check by JSI in its December 13 letter was intended as full satisfaction of Gelles' claim, the trial court properly looked at the circumstances of the transaction and the conduct of the parties.  See John Grier Constr. Co. v. Jones Welding & Repair, Inc., 238 Va. 270, 272-73, 383 S.E.2d 719, 721 (1989).  The fact finder, in this case the trial court, found that a reasonable person could not have considered the language of the December 8 and 13 letters "was

6

anything other than" an expression of JSI's intent that the check and letter proffered on December 13 was, "in effect, a drop-dead letter that says, 'This is it. This is what we're going to pay you.' " Further, the trial court specifically stated that Gelles' evidence that its president did not think the language meant full satisfaction of the claim was not credible. We cannot say that, on this record, these factual findings were clearly erroneous.

The record supports the trial court's finding that the entire course of conduct and communications between these parties made clear that JSI offered the $13,580 as the final payment that it intended to make and that JSI considered that amount to represent the proper accounting under the contract. JSI's December 8 and December 13 letters to Gelles, taken together, made express JSI's position that it would pay no more under the contract than the $13,580 check that it included with the December 13 letter. Nothing in the language of the December 8 and 13 letters qualified JSI's decision to "stand[] by its final amounts."

Accordingly, for the reasons stated above, we will affirm the judgment of the trial court.

Affirmed.

7