## CIRCUIT COURT OF THE CITY OF ROANOKE

Ray A. Baughman

v.

Automated Horizons, Inc.

January 17, 2003

Case No. CL02-224

BY JUDGE CLIFFORD R. WECKSTEIN

When the defendant failed to pay a promissory note on the day it was due, the plaintiff immediately filed suit. The defendant's reaction to that suit creates the legal and factual context within which I must answer this question: Has the defendant been discharged from its written obligation because, three weeks after default and suit, the plaintiff negotiated a check that was offered in "full and final payment?" In a bench trial, a written stipulation was presented, witnesses testified, and exhibits were introduced. While the testimony of witnesses varied on insignificant points and "the parties disagree as to the conclusions to be drawn from the factual record, the facts themselves are not in dispute." *Smyth County Community Hosp. v. Town of Marion*, 259 Va. 328, 331, 527 S.E.2d 401 (2000). For reasons that follow, I find in favor of the plaintiff.

In a promissory note signed on January 25, 2002, defendant Automated Horizons, Inc., promised to pay $31,750 to the order of the plaintiff, Ray A. Baughman. Payment in full was due on March 1, 2002; if it was not paid on time, the note provided, Automated Horizons would owe interest at the rate of 10% a year and also would be obligated to "pay all expenses incurred in collecting the same, including a twenty-five percent (25%) attorney's fee in case this Note shall be placed in the hands of an attorney for collection, said amount being agreed upon as a reasonable fee for collection."

On the notes's due date, Friday, March 1, Automated Horizons paid Baughman about half of the amount due. According to a written stipulation, Baughman was informed on March 1, either by Automated Horizon's lawyer or through his own lawyer that the corporation expected to be able to pay the balance on the note, plus interest, within three weeks, either out of current income or by borrowing against a line of credit that it planned to obtain. Notwithstanding those representations, Baughman filed this suit on the next business day, Monday, March 4.

On March 21, 2002, three weeks after default, Automated Horizons sent Baughman a letter and a check. "Enclosed is our company draft," the letter said, "in the amount of $16,094.57, representing full and final payment of the remaining principal of the note and 21 days of interest at 10%." On the front of the check was the notation — in the same font face and size as everything else on the check — "Full and final payment of note." Baughman negotiated the check.

I find from the evidence, as a matter of fact, that Baughman did not intend to accept the March 21 payment in full satisfaction of his claims under the promissory note and in the suit he had filed nearly three weeks earlier. Automated Horizons contends, however, that Baughman's claim was discharged by accord and satisfaction, under Virginia Code § 8.3A-311 (§ 3-311 of the 1990 revision of the Uniform Commercial Code, adopted by Virginia's General Assembly in 1992). Subject to exceptions that do not apply in this case, § 8.3A-311 provides that:

> (a) If a person against whom a claim is asserted proves that (i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument, the following subsections apply.
>
> (b) . . . the claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

"Once the requirements of [subsections (a) and (b) of § 8.3A-311] are met, an accord and satisfaction is presumed. The party challenging the accord and satisfaction may rebut this presumption. Unlike the common law, however, the statute requires the claimant to overcome the presumption by

satisfying an objective rather than a subjective test. . . ." *Gelles v. Stack*, 264 Va. 285, 290, 569 S.E.2d 406 (2002). Both the check and the letter by which it came to Baughman contained conspicuous statements "to the effect that the instrument was tendered as full satisfaction of the claim." *See id*. This is not, however, enough to show that "the requirements of those subsections are met."

"Whether there has been an accord and satisfaction is a question of fact." *Webb Bus. Promotions, Inc. v. American Elecs. & Entertainment Corp.*, 617 N.W.2d 67 (Minn. 2000).[1] "Initially, under the plain language of the statute, in order to establish an accord and satisfaction, [the defendant] bore the burden of establishing that it met the criteria of § 3-311(a) before the other subsections establishing the discharge of a claim come into play." *McMahon Food Corp. v. Burger Dairy Co.*, 103 F.3d 1307, 1313 (7th Cir. 1996) (applying Illinois law); *accord Douthwright v. Northeast Corridor Foundations*, 72 Conn. App. 319, 321, 805 A.2d 157, 159 (2002). For Baughman's claim against Automated Horizon to be discharged, then, it had the burden of demonstrating to my satisfaction as trier of fact that it in good faith tendered an instrument to the claimant as full satisfaction of the claim and that the amount of the claim was unliquidated or subject to a bona fide dispute.

The U.C.C. defines good faith as "honesty in fact" and "the observance of reasonable commercial standards of fair dealing." Code § 8.3A-103(4). "Fair dealing," of course, depends on the circumstances of each case. *See* Official Comment 4 to § 8.3A-311. In the context of this case, a claim is "unliquidated" if it is "subject to a bona fide dispute." *See Lindsay v. McEnearney Assocs.*, 260 Va. 48, 54, 531 S.E.2d 573 (2000); *Virginia-Carolina Elec. Works v. Cooper*, 192 Va. 78, 81, 63 S.E.2d 717 (1951).[2] To come full circle, *Black's Law Dictionary* notes that "bona fide" is Latin for "in

---

[1] Decided under U.C.C. § 3-311. Minnesota's version of § 3-311 is identical to Virginia's. The same is true of every other jurisdiction whose cases are cited in this opinion letter.

[2] The amount claimed was of course not "unliquidated" in the normal sense of the term, *i.e.* imprecise or not susceptible of calculation. *See Black's Law Dictionary* 930 (6th ed. 1990) (defining a "liquidated claim" as a claim whose amount "has been agreed on by parties to action or is fixed by operation of law."). The principal amount due after the March 1 payment was $16,002.50; 25% of that amount is easily calculable, even though the resulting number, $4,000.625, must be "rounded" to an even $4,000.62.

good faith"; it defines the term as: "1. Made in good faith, without fraud or deceit; 2. sincere, genuine." *Black's Law Dictionary* 168 (6th ed. 1990).

Automated Horizons vigorously but erroneously claims entitlement to the moral high ground. Conceding, but only in passing, that it had broken its original promise to pay, it strenuously asserted, at trial, in pleadings, and in correspondence introduced in evidence that Baughman was, in effect, an opportunist and a cad. This is so, Automated Horizons says, because when it breached the obligation embodied in a promissory note, Baughman should have accepted its assurances, and those of its lawyer — not that, "the check is in the mail," but that "the check will be in the mail in three weeks or less" — and forborne from filing suit.

On March 1, the day the note was due, Automated Horizons paid Baughman $15,747.50. According to a transmittal letter from Britt L. Knuttgen, a corporate officer, that amount was "half of the note payable to you, minus the $255.00 deduction you agreed to for expenses accrued to date by Automated Horizons on your behalf."[3]

"Pursuant to the Promissory note," Ms. Knuttgen wrote, "this balance will be paid with the applicable 10% interest per annum." In an e-mail to Baughman's lawyer on the same day, she stated that she had "mailed Ray [Baughman] a check for half of the note payable," and that "pursuant to the Promissory Note, the remaining balance will be paid with interest."

Ms. Knuttgen's e-mail to Baughman's lawyer demonstrated that she knew how the plaintiff would react to receiving partial payment. "I trust," she wrote, "that your client will understand the fact that he is being unreasonable and that filing an action will only serve to put a frivolous suit in front of the court and waste their time. Somehow I doubt that doing that will win points with the Court, particularly since the remaining balance will be paid before any court date."

At trial and in its responsive pleadings, Automated Horizons took a similar tack. "Notwithstanding the good faith payment by defendant to plaintiff of approximately 50% of the Note when due and a promise to pay in the near future the remaining amount owed under the note plus accrued interest," the defendant's pleading said, "plaintiff proceeded to file this lawsuit

---

[3] By March 21, Automated Horizons had given up any claim that it was entitled to – or that Baughman ever had agreed to – this or any deduction. Approximately a week before the March 1 due date, Baughman had sharply rebuffed a suggestion that he owed Automated Horizons money that could be offset against the note payment. In a February 22 e-mail, he told Automated Horizons, "I expect the note to be paid in full per the terms we agreed upon."

solely for the purpose of unjustly trying to collect a 25% attorney's fee of the remaining amount due under the Note."

I perceive no injustice. "When parties to a contract create valid and binding rights, one party does not breach the U.C.C.'s obligation of good faith by exercising such rights." *Mahoney v. NationsBank of Va., N.A.*, 249 Va. 216, 221, 455 S.E.2d 5 (1995). Baughman did what Automated Horizons had agreed he could do if it defaulted: He turned the note over to his lawyer, who filed suit, claiming the interest, costs, and attorney's fees to which the corporation had agreed Baughman would be entitled. *See Black's Law Dictionary* 346 (6th ed. 1990) (defining "costs of collection" as "expenses involved in endeavoring to make collection, as of a promissory note"). Automated, not Baughman, failed to live up to its bargain; Automated, not Baughman, unilaterally attempted to create a new bargain. The injustice, if any existed, was not perpetrated by the plaintiff's commencement of a lawsuit to enforce the parties' mutual agreement. *See Albright v. Burke & Herbert Bank & Trust Co.*, 249 Va. 463, 467, 457 S.E.2d 776 (1995).

Automated Horizons insists that Baughman should have forborne from suit because the corporation that had failed to honor its solemn promissory note now offered new, informal, nonbinding assurances that it would pay the balance it owed — less offsets it now claimed — within three weeks. I find, however, that Baughman's decision to sue was commercially reasonable. Automated Horizons presented no evidence that forbearance from suit would have been commercially reasonable or mandated by reasonable commercial standards of fair dealing, and the evidence defeats both Automated Horizons' claim of good faith tender and its assertion that the amount of the claim was subject to a bona fide dispute.[4]

A bona fide dispute is "an honest dispute between the parties as to the amount due at the time payment was tendered." *McMahon Food Corp. v. Burger Dairy Co., supra*, 103 F.3d at 1313, quoting *A.F.P. Enterprises, Inc. v. Crescent Pork, Inc.*, 243 Ill. App. 3d 905, 611 N.E.2d 619, 623, 183 Ill. Dec.

---

[4] Automated Horizons also asserted in its responsive pleading that "the filing of this lawsuit by plaintiff did not in any way contribute to the plaintiff collecting the remaining payment. . . . Accordingly, under the Note, plaintiff is not entitled to an award of attorneys' fees or other expenses since these expenses were not incurred in collecting the debt owed under the Note." While the corporation's lawyer made this argument in her opening statement, I do not recall that she returned to it in closing. As a matter of fact and of law, I reject the argument.

356 (1993);[5] *Chittum, Inc. v. Anthony*, 56 Va. Cir. 536, 2001 Va. Cir. LEXIS 319, *6, 46 U.C.C. Rep. Serv. 2d (Callaghan) 188 (Spotsylvania County 2001) (per Ledbetter, J.).

Automotive Horizons stated in its responsive pleadings that Baughman's sole purpose in bringing the suit was "trying to collect a 25% attorney's fee of the remaining amount due under the Note."[6] Assuming that Automated Horizons genuinely believed that this was so, it hardly lends credence to the proposition — which is without evidential support — that Automated Horizons could have honestly believed that Baughman would willingly accept its March 21 payment in full satisfaction of the obligation upon which he had brought the suit less than three weeks earlier. *See Commonwealth v. Wills*, 1995 Va. Cir. LEXIS 1450, *6, 27 U.C.C. Rep. Serv. 2d (Callaghan) 926 (Richmond City 1995) (per Hughes, J.) (no proof that tender of less than full amount was in good faith or that there was a bona fide dispute about the amount due); *compare Omni Alarm Systems, Inc. v. MCI Electric Co.*, 58 Va. Cir. 264, 2002 Va. Cir. LEXIS 146 (Warren County 2002)

---

[5] "We apply the ordinary and customary meaning of the word[s] as [they are] defined in the dictionary." *Transcontinental Ins. Co. v. RBMW, Inc.*, 262 Va. 502, 510, 551 S.E.2d 313 (2001), and the term bona fide dispute can be "easily understood by reference to a dictionary or common usage." *Smith v. Smith*, 3 Va. App. 510, 514, 351 S.E.2d 593 (1986): a party "in good faith without fraud or deceit," *Webster's Third New International Dictionary of the English Language* 250 (1986), "call[s] into question . . . the validity or existence of," *id.* at 655, or "question[s] the truth or validity of [or calls into] doubt," *The American Heritage Dictionary of the English Language* (3d ed. 1992) (CD-ROM edition 1994), the other party's claim. "An act is deemed to be done in good faith, within the meaning of the U.C.C., if it is done honestly." *Lawton v. Walker*, 231 Va. 247, 251, 343 S.E.2d 335 (1986); *also see Webster's Third* at 978.

[6] A party's statements in its pleadings can constitute a judicial admission. "The essence of a judicial admission is its conclusiveness. To constitute a judicial admission, the admission must conclusively establish a fact in issue. The admission may not be thereafter qualified, explained, or rebutted by other evidence. Consequently, once a fact has been established by a judicial admission, evidence tending to prove the fact admitted becomes irrelevant." *Jones v. Ford Motor Co.*, 263 Va. 237, 254, 559 S.E.2d 592 (2002) (*quoting General Motors Corp. v. Lupica*, 237 Va. 516, 520, 379 S.E.2d 311 (1989)). Automated Horizons' pleading perhaps does not "conclusively establish" the "fact" that Baughman brought this suit for the purpose of collecting the attorney's fees provided in the note. It may, however, establish as fact the corporation's knowledge that a payment which excluded the attorney's fees was not tendered "in good faith."

(per Wetsel, J.) (bona fide dispute about amount due preceded good faith tender of "in full" check).

The court has found that Automated Horizons is not entitled to claim accord and satisfaction under Code § 8.3A-311, having failed to meet its burdens under subsections (a) and (b) of that statute. The plaintiff is entitled to have and recover of the defendant the sum of $4,000.62, with interest at the judgment rate from March 1, 2002, until the trial date, and with interest from the date of this letter opinion until paid, together with his taxable costs in this matter.