# CIRCUIT COURT OF THE CITY OF HOPEWELL

Julie K. Carr

v.

Federal National
Mortgage Association,
Bank of America, N.A.,
and Samuel I. White, P.C.

October 8, 2013

Case No. CL2012-391

By Judge Nathan C. Lee

## Issue

Should Defendants' Demurrer be sustained or overruled?

## Facts

Julie K. Carr, Plaintiff, was the true owner of a home located at 393 Red Oak Drive, Hopewell, Virginia 23860. On August 3, 2007, Plaintiff entered into a mortgage loan, in which she was the borrower and Defendant Bank of America, N.A., was the lender. The loan was evidenced by a note ("the Note"), signed by Plaintiff, secured by a deed of trust ("the Deed of Trust") signed by her, recorded in the clerk's office at the Circuit Court of this Court as Instrument No. 070002764 as a lien on the home. The Deed of Trust appointed PRLAP, Inc., as trustee.

The Note at paragraph 6(C) provided as follows:

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

Paragraph 22 of the Deed of Trust provided, in pertinent part, as follows:

*Non-Uniform Covenants.* Borrower and Lender . . . covenant and agree as follows:

Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . .

The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date of notice is given to the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums by this Security Instrument and sale of the Property. . . .

The notice shall . . . inform Borrower . . . of the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

Bank of America sent Plaintiff documents which purported to be thirty-day cure notices complying with the requirements of paragraph 6(C) of the Note and paragraph 22 of the Deed of Trust. Plaintiff claims that no creditor entity ever sent notice complying with paragraph 6(C) of the Note or with paragraph 22 of the Deed of Trust because the notices were backdated.

Bank of America had executed a document which stated that it removed PRLAP, Inc., as trustee on the Deed of Trust and appointed Defendant Samuel I. White, P.C., instead. Bank of America subsequently instructed White to foreclose on the home. White placed an advertisement in a newspaper circulated in Hopewell, Virginia, announcing an intention to foreclose on the home on December 22, 2011. On December 22, 2011, White conducted a foreclosure sale on the home in front of the courthouse of this Court. Bank of America made the high bid, with Fannie Mae backing the loan. Transfer of title to the home was accomplished by White to Fannie Mae.

Prior to the foreclosure, Plaintiff applied for a loan modification. On December 21, 2011, Carr spoke by telephone to Patricia Lambert, a representative of Bank of America, and Maurice Williams, a representative of Bank of America. During those conversations, Lambert and Williams

allegedly assured Carr that she did not have to worry about any foreclosure on the home on December 22, 2011, because Carr had submitted an application for loan modification which was under review. Lambert and Williams purportedly told Carr that the foreclosure that had been scheduled for December 22, 2011, had been cancelled. Plaintiff claims that, because she relied on the assurances of Lambert and Williams, she took no alternative action to stop the foreclosure.

Plaintiff seeks quiet title to the home and compensatory damages for the alleged breach of paragraph 6(C) of the Note and paragraph 22 of the Deed of Trust. Additionally, Plaintiff alleges Bank of America perpetrated actual fraud against her as well as constructive fraud. Finally, Plaintiff claims Defendant breached the implied covenant of good faith and fair dealing. Defendants have demurred to this Amended Complaint.

## Discussion

The purpose of a demurrer is to "determine whether a motion for judgment states a cause of action upon which the requested relief may be granted." *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 712, 636 S.E.2d 447, 449 (2006) (citing *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001)). A demurrer should also be sustained when a "pleading fails to state facts upon which the relief demanded can be granted." Va. Code Ann. § 8.01-273 (2013). A demurrer admits the truth of all well-pleaded material facts. Further, "all reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading. However, a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis,* 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988).

### A. *Count One: Breach of Paragraph 6(C) of the Note and Paragraph 22 of the Deed of Trust*

A party alleging breach of contract under Virginia law must establish that the defendant owed plaintiff a legally enforceable obligation, the defendant violated that obligation, and the plaintiff suffered injury or damage as a result of the defendant's breach. See *Filak v. George,* 267 Va. 612, 619, 594 S.E. 2d 610, 614 (2004).

Assuming the alleged facts as true, Plaintiff has pleaded a claim for breach of contract because of the purported trustee's deed, which is based on a defective foreclosure in breach of the pre-acceleration notice requirements of the Note and Deed of Trust. Plaintiff claims that Bank of America sent her documents which purported to be thirty-day cure notices complying with the requirements of paragraph 6(C) of the Note and paragraph 22 of the Deed of Trust. However, Plaintiff alleges that these notices did not comply because they were backdated, thereby breaching both the Note and

Deed of Trust. Additionally, Plaintiff claims that no creditor entity sent any notice complying with the Note and Deed of Trust.

Subsequently, on December 22, 2011, a foreclosure sale was held in front of the courthouse of this Court, conducted by defendant Samuel I. White, where Bank of America made the high bid with Fannie Mae backing the loan. On the basis of the foreclosure, White and Bank of America purported to deed title to the home to Fannie Mae by means of a trustee's deed. Plaintiff claims that, as a result of the alleged breach of contract, she has suffered a poor credit rating, causing her economic harm. She additionally claims damages recited in paragraph 34 of the Amended Complaint. Plaintiff has therefore alleged facts that, if proven, may demonstrate that Defendants failed to send proper pre-acceleration notice and therefore breached the Note and Deed of Trust. See *Thomas v. Bank of Am., N.A.*, Civil Action No. 4:12CV143 (E.D. Va. Mar. 19, 2013); *Bennett v. Bank of Am.*, No. 3:12CV34-HEH, 2012 U.S. Dist. LEXIS 54725 (E.D. Va. Apr. 18, 2012). Assuming the truth of the facts, Plaintiff would be entitled to compensatory damages.

However, Plaintiff has not alleged facts sufficient to state a claim for quiet title to the property at issue. Defendants demur to Plaintiff's claim to quiet title because Plaintiff has not alleged facts sufficient to state she has superior title to the property because she has not specifically pleaded that she has satisfied all legal obligations under the deed of trust and promissory note.

"[A]n action for quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against the title." *Maine v. Adams*, 277 Va. 230, 238, 672 S.E.2d 862, 866 (2009) (quoting *Neff v. Ryman*, 100 Va. 521, 524, 42 S.E. 314, 315 (1902)). A party asserting a quiet title action must plead that he or she has superior title to the property. *Tapia v. U.S. Bank*, 718 F. Supp. 2d 689, 700 (E.D. Va. 2010), aff'd 441 Fed. App'x 166 (4th Cir. 2011). In order to assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest. See *Tapia*, 718 F. Supp. 2d at 700. In this case, Plaintiff claims that her right to title to the home is superior to that of Fannie Mae and is superior to the right to title to the home of all other entities, except that her right to title to the home is subject to the lien of the deed of trust. Because Plaintiff has not pleaded that she has satisfied her obligations under the Note and Deed of Trust, accordingly, any claim for quiet title fails. Therefore, Defendants' Demurrer to breach of the Note and Deed of Trust is overruled, but Defendants' Demurrer to Plaintiffs claim for quiet title to the home is thus sustained with leave to amend.

## B. *Count Two: Actual Fraud and Count Three: Constructive Fraud*

Because Plaintiff has stated a cause of action for actual and constructive fraud against Bank of America for which compensatory damages may be

granted, Defendants' Demurrer is overruled in part and sustained in part. To state a valid claim of fraud under Virginia law, Plaintiff must plead (1) a false representation (2) of a material fact (3) that was made intentionally and knowingly, (4) with the intent to mislead, (5) reasonable reliance by the party misled, and (6) resulting damage to the party misled. *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367, 585 S.E.2d 578, 581 (2003).

Additionally, in order to establish constructive fraud, the plaintiff must prove "that there was a material false representation, that the hearer believed it to be true, that it was meant to be acted on, that it was acted on, and that damage was sustained." *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 629, 331 S.E.2d 490, 492 (1985). For a constructive fraud claim, the plaintiff need only "plead that the false representation was made innocently or negligently." *Sales v. Kecoughtan Housing Co.*, 279 Va. 475, 481, 690 S.E.2d 91, 94 (2010).

In Plaintiff's Amended Complaint, she alleges that Bank of America employees specifically assured her on December 21, 2011, that the foreclosure sale scheduled for December 22, 2011, had been cancelled and that such assurances were false when made. Plaintiff states she relied on this intentionally false representation and she did not take any alternative action to stop foreclosure. As a result, Plaintiff claims to have suffered great emotional harm, including feelings of humiliation, great fear, depression, loss of sleep, loss of appetite, and difficulty in concentrating. Plaintiff also alleges damages set forth in paragraph 34 of the Amended Complaint and emotional damages found in paragraph 46 of the complaint. Plaintiff claims quiet title and compensatory damages.

On the constructive fraud claim, Plaintiff in the alternative avers that the false assurances set forth by Bank of America constituted constructive fraud because such representations were false and Plaintiff believed that they were true and relied on those misrepresentations to her prejudice and harm and sustained damages described in paragraph 34 of the Amended Complaint.

Defendants' reliance on the Economic Loss Rule is misplaced. As the Virginia Supreme Court has made clear, a single act may support a cause of action for both breach of contract and tort. *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). The Economic Loss Rule provides that, "in order to recover in tort, 'the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract'." *Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 203-04, 645 S.E.2d 290, 293 (2007) (citation omitted). Bank of America did not have a contractual duty to approve the loan modification application and cancel the foreclosure of Plaintiff's home. Thus, this is not a case in which no cause of action would exist but for the violation of

contractual duties between the parties. Instead, the cause of action at hand stems purely from the duties imposed by the common law of fraud.

Plaintiff has pleaded the essential elements of fraud against Bank of America under Virginia law: (1) false representations of material facts in the form of assurances that a scheduled foreclosure of the home would be cancelled; (2) made intentionally and knowingly (or, in the alternative, negligently) because Bank of America never intended to cancel the scheduled foreclosure sale; (3) with intent to mislead as shown by Bank of America proceeding to foreclosure the day after those false assurances were made; (4) reliance by Carr because she believed that assurance; and (5) harm to her because the foreclosure went forward, including, *inter alia,* loss of record ownership of the home, great emotional distress, damage to her credit record, and attorney's fees to defend against eviction. Plaintiff has pleaded a case for both actual and constructive fraud, but the only remedy available is her claim for compensatory damages. As stated previously, Plaintiff has not pleaded facts for which quiet title may be granted. Therefore, Defendant Bank of America's Demurrer to Plaintiff's actual and constructive fraud claims is overruled on the compensatory damages claim and sustained with leave to amend on the claim for quiet title to the property at issue.

Defendant Samuel I. White's Demurrer to the actual and constructive fraud claims is sustained with leave to amend. Plaintiff's Amended Complaint alleges that White conducted the purported foreclosure of the home and did so as agent of Bank of America, in furtherance of Bank of America's frauds perpetrated against Plaintiff. Plaintiff's allegations are insufficient against White to withstand a claim for actual and constructive fraud, because the particular elements are missing and they are not pleaded with the requisite particularity and specificity for fraud. See *Ciarochi v. Ciarochi,* 194 Va. 313, 315, 73 S.E.2d 402, 403 (1952).

### C. *Count Four: Implied Covenant of Good Faith and Fair Dealing*

Defendants demur to the claim for breach of the implied covenant of good faith and fair dealing because Virginia courts do not recognize a stand-alone tort claim for breach of the implied covenant of good faith and fair dealing when the alleged breach is "actively governed by express contractual terms." *Pardoe & Graham Real Estate, Inc. v. Schulz Homes Corp.,* 259 Va. 398, 402-03, 525 S.E.2d 284, 286 (2000). Because there is no separate action for breach of the implied covenant of good faith and fair dealing, Defendants' Demurrer is sustained without leave to amend.

"Under Virginia law, every contract contains an implied covenant of good faith and fair dealing; however, a breach of those duties only gives rise to a breach of contract claim, not a separate cause of action." *Frank Brunckhorst Co., L.L.C. v. Coastal Atlantic, Inc.,* 542 F. Supp. 2d 452, 462 (E.D. Va. 2008). Additionally, a party does not violate the obligation to

act in good faith by "enforcing a contractual right." *Albright v. Burke & Herbert Bank & Trust Co.*, 249 Va. 463, 467, 457 S.E.2d 776, 778 (1995). Therefore, there can be no implied breach when the alleged breach is "activity governed by express contractual terms." *Skillstorm, Inc. v. Elec. Data Sys., L.L.C.*, 666 F. Supp. 2d 610, 620 (E.D. Va. 2009) (quoting *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 385, 493 S.E.2d 516, 520 (1997)). To prove a breach of the implied covenant of good faith and fair dealing under Virginia law, the plaintiff must establish "(1) a contractual relationship between the parties, and (2) a breach of the implied covenant." *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 450 (E.D. Va. 2009) (citing *Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 251 Va. 28, 466 S.E.2d 382 (1996)). It is well-settled that Virginia law does not recognize an independent cause of action for breach of the implied warranty of good faith and fair dealing, but it does give rise to a breach of contract claim. *Charles E. Brauer Co.*, 251 Va. at 33, 466 S.E.2d at 385. Therefore, Defendants' Demurrer to Count Four is sustained without leave to amend.

## Conclusion

Accordingly, for the reasons stated herein, Defendants' Demurrer to Count One is overruled for breach of the Note and Deed of Trust, but sustained with leave to amend for Plaintiff's claim to quiet title. Defendants' Demurrer to Counts Two and Three is overruled as against Bank of America and sustained with leave to amend as against Samuel I. White. Defendants' Demurrer on Count Four of the Amended Complaint is sustained without leave to amend.