# CIRCUIT COURT OF FAIRFAX COUNTY

MDDC, L.L.C.

v.

Errol Lawrence

February 25, 2016

Case No. CL-2015-15511

BY JUDGE RANDY I. BELLOWS

This case is before the Court on Defendant's motion to set aside a confessed judgment pursuant to Va. Code § 8.01-433. The Court may set aside a confessed judgment upon a showing that the Defendant would have had an adequate defense at law. For the reasons stated below, the Court finds the Defendant has not met his burden of proof on this issue, and, therefore, Defendant's motion to set aside the confessed judgment is denied.

*Facts and Proceedings*

On July 30, 2013, the parties MDDC, L.L.C., and Errol Lawrence entered into a confessed judgment promissory note, by which the Plaintiff loaned the Defendant $703,363.96. The Note set up a payment structure for the principal and interest, with the total amount to be repaid by July 2023. The terms of the Note further stated that, in the event of default, the entire principal would become immediately due and judgment may be entered against the Defendant for the full amount of any unpaid principal and interest.

On June 9, 2015, the parties entered into an allonge to the confessed judgment promissory note, which modified the repayment structure for the loan. *Black's Law Dictionary* defines an allonge as, "a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving

further indorsements when the original paper is filled with indorsements." *Id.* The document in this case that the parties call an allonge is in fact a modification to the original promissory note between the parties. The Allonge provided that, in consideration of $275,040.00 paid by Defendant on June 9, 2015, the remaining amount due under the note was $151,272.00, due and payable by June 30, 2016. Plaintiff signed the Allonge on June 8, and Defendant signed on June 9.

According to Defendant's records, he made a series of payments to Plaintiff by cashier's check on June 25, July 8, July 24, and August 4, the sum total of which was $275,040.00. In a letter dated August 7, 2015, Plaintiff's counsel informed Defendant that the Allonge was not in effect because the consideration of $275,040.00 was not paid on June 9. Therefore, Plaintiff had credited the sums paid by Defendant after June 9 toward the amount due under the Note. The letter also stated that, according to Plaintiffs calculations, Defendant still owed $1,514.88 to complete his September 15, 2015, payment.

On November 23, 2015, Plaintiff confessed judgment against Defendant in the amount of $709,293.56. Defendant made a timely motion to set aside the confessed judgment pursuant to Va. Code § 8.01-433. The parties submitted briefs in support of their positions, and a hearing was held before the Court on January 29, 2016. After hearing oral argument, the Court took the matter under advisement.

## Analysis

Under Va. Code § 8.01-433, a confessed judgment may be set aside "on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note. . . ." In determining whether a defendant has established an adequate defense, "[t]he merits of the defense are not at issue in the motion to set aside a confessed judgment; rather § 8.01-433 is invoked if 'the pleadings on their face assert an adequate defense'." *FWB Bank v. R.S.Q. Assocs.*, 31 Va. Cir. 74, 75 (Fairfax County 1993). However, it must not be a mere allegation of a defense; the defendant must present an allegation of facts to support the defense. *Burdette Smith Group, P.C. v. Elza,* 65 Va. Cir. 314, 316 (Fairfax County 2004).

In the case presently before the Court, Defendant asserts three main defenses that he argues would have been adequate defenses at law: that Defendant performed under the valid Allonge; that the Allonge constitutes accord and satisfaction of the debt owed under the note; and that Plaintiff waived his right to enforce the Note or should be estopped from enforcing the Note. For the reasons explained below, the Court is unpersuaded by these arguments and finds the Defendant has not presented any adequate defenses at law.

First, Defendant argues the parties executed a valid Allonge in settlement of Plaintiff's claims under the Note. However, the Court finds the Allonge did not come into existence due to Defendant's failure to meet the condition precedent of payment of $275,040.00 on June 9, 2015. Under Virginia contract law, "A condition precedent calls for the performance of some act, or the happening of some event after the terms of the contract have been agreed upon, before the contract shall take effect." *Smith v. McGregor,* 237 Va. 66, 75, 376 S.E.2d 60, (1989) (quoting *Morotock Ins. Co. v. Fostoria Novelty Co.*, 94 Va. 361, 365, 26 S.E. 850 (1897)). However, "when a contract fails because a condition precedent cannot be met, the contract is null and void by operation of law." *Vega v. Chattan Assocs.*, 246 Va. 196, 201, 435 S.E.2d 142 (1993).

In this case, the parties agreed in the Allonge that Defendant would pay $151,272.00 by June 30, 2016. In exchange, Plaintiff would relinquish its right to collect the rest of the amount Defendant borrowed under the Note and consider the debt paid in full. The condition precedent to bring this agreement into existence, however, was Defendant's payment of 275,040.00 on June 9, 2015. Defendant did not pay the money on June 9. Thus, the condition precedent was never met, rendering the Allonge null and void.

The same result is reached if the Court analyzes the matter as a failure of consideration. "The formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." Restatement 2d of Contracts, § 17. Consideration is also required where parties are modifying a prior agreement. "A debtor's promise to pay sums already due is not sufficient consideration to support a creditor's agreement to refinance the loan." *Albright v. Burke & Herbert Bank & Trust Co.*, 249 Va. 463, 466, 457 S.E.2d 776 (1995). Furthermore, the Court's duty is to construe the contract made by the parties; it must determine what the parties agreed to as evidenced by their contract. *Meade v. Wallen,* 226 Va. 465, 467, 311 S.E.2d 103 (1984). "The guiding light in the construction of [the] contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that the parties intended what the written instrument plainly declares." *Id.*

In this case, the first line of the Allonge states "[i]n consideration of the payment by the Maker, Errol Lawrence, of $275,040.00 on June 9, 2015, the Holder, MDDC, L.L.C., hereby agrees to the following Allonge to the Confession of Judgment Note dated July 30, 2013. . . ." The Allonge was intended to modify the terms of the Note to which the parties had previously agreed. To do so, the Allonge required additional consideration. By the plain language of the document, that consideration was meant to be payment of $275,040.00 on June 9, 2015. Plaintiff and Defendant signed the Allonge on June 8 and June 9, 2015, respectively. Defendant did not pay $275,040.00 on June 9, thereby failing to provide the consideration necessary to bring the Allonge into existence.

Defendant argues it was not the parties' intent that payment was due on June 9 and presents several text messages and emails. However, in Virginia, "the general rule is that parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to alter, vary, contradict, add to, subtract from, or explain the terms of a complete, unambiguous, unconditional written instrument." *Durham v. National Pool Equip. Co.*, 205 Va. 441, 446, 138 S.E.2d 55 (1964). The Allonge clearly and unambiguously states that the payment of consideration was due on June 9, 2015; thus, the Court is not at liberty to consider parol evidence.

Second, Defendant argues the Allonge constitutes an accord, and payment under the Allonge constitutes the satisfaction of Defendant's debt under the Note. The Court rejects this argument because Defendant has not proffered sufficient facts to suggest he has an adequate defense of accord and satisfaction. Under Virginia law, a claim is discharged by accord and satisfaction with a negotiable instrument "if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim." Va. Code Ann. § 8.3A-311(b).

Here, Defendant made four payments to Plaintiff after the date of the Allonge using cashier's checks. These checks form the basis of his argument that accord and satisfaction has taken place. However, Defendant does not allege any facts which would suggest he made a conspicuous statement that the checks were tendered as full satisfaction of Plaintiff's claim. Nor does the Allonge itself constitute a conspicuous statement of full satisfaction. The Allonge, if it were in effect, would have required Defendant to pay $275,040.00 on June 9, 2015, in consideration to later be given the opportunity to pay $151,272.00 in full satisfaction of the claim. However, the Defendant's brief and exhibits indicate Defendant has only paid the $275,040.00, and late at that. Under the terms of the Allonge, Defendant has not satisfied the claim. Thus, Defendant has not made a *prima facie* showing of the elements of accord and satisfaction under Va. Code § 8.3A-311, and, therefore, it cannot be an adequate defense sufficient to set aside the confessed judgment.

Third, Defendant argues Plaintiff waived its right to sue for failure to timely pay when it accepted payment after the date of the Allonge without issue. "Waiver is the voluntary, intentional abandonment of a known legal right, advantage, or privilege." *Fox v. Deese,* 234 Va. 412, 425, 362 S.E.2d 699 (1987). The fact that Plaintiff accepted payments after June 9 is not evidence of waiver, given the fact that Defendant's duty to pay substantial sums of money to Plaintiff existed prior to, and independent of, the Allonge. In other words, the failure of the Allonge to come into existence meant that the confessed judgment in all its terms remained in effect, and any

payments received were consistent with the obligations Defendant incurred when he entered into the confessed judgment.

As a second part of this argument, Defendant argues Plaintiff should be estopped from arguing the Allonge is void. However, Va. Code § 8.01-433 clearly states that the Court may only set aside a confessed judgment upon a showing of an adequate defense at law. As Defendant himself notes in his brief, estoppel is an equitable doctrine. Therefore, it cannot be the basis of a decision to set aside a confessed judgment.

Finally, Defendant argues in the alternative that, if the Court decides not to set aside the confessed judgment, at a minimum, the amount of the judgment should be reduced because it far exceeds the amount due under the Note. Plaintiff argues in its brief that Defendant has only made interest payments toward the loan, but Defendant disputes this characterization. The Court looks to the terms of the Note to settle this issue. Paragraph three of the Note states that the payments on the loan will go to principal and interest. Therefore, the Court finds Defendant's payments should have been attributed to both principal and interest, and not just interest. Unfortunately, neither party has provided a full accounting of the payments made and the payments due, taking into account the interest rate throughout the life of the Note. Because of this, the Court is unable to determine the true amount Defendant owes to Plaintiff. Plaintiff is, therefore, directed to prepare an order that includes an amortization schedule to reflect the current state of affairs between the parties.

## Conclusion

For the reasons stated above, the Court finds the Defendant has not demonstrated that he would have an adequate defense at law sufficient to set aside the confessed judgment against him under Va. Code § 8.01-433. The Allonge did not come into existence due to either the failure of a condition precedent or a failure of consideration; thus, the parties are bound by the terms of the original Note. Defendant has not proffered a sufficient allegation of facts that would support an adequate defense at law to the confessed judgment. Defendant's motion is, therefore, denied.